**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **NEZ PERCE TRIBE,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | **Case No. 06-910L**<br>**Judge Charles F. Lettow** |

**JOINT STATUS REPORT REGARDING**
**APPLICABILITY OF 28 U.S.C. § 1500 IN THIS CASE**

Pursuant to this Court's Orders dated February 27, 2008 (Doc. No. 9) and March 12, 2008 (Doc. No. 11), Plaintiff Nez Perce Tribe ("Plaintiff" or "Tribe") and Defendant United States of the America (collectively, the "Parties") submit this following Joint Report setting forth their positions regarding whether this case or *Nez Perce Tribe v. Kempthorne*, No. 1:06-cv-02239-JR (D.D.C.) (the "*Nez Perce* Accounting Case") was filed first, for purposes of 28 U.S.C. § 1500 ("Section 1500"). As explained in greater detail below, Plaintiff believes that the instant case was filed before the *Nez Perce* Accounting Case and that Section 1500 does not deprive this Court of jurisdiction over this matter, while Defendant takes the position that the instant case should be dismissed under Section 1500, because Plaintiff filed this case and the *Nez Perce* Accounting Case on the same day; the cases present the same operative claims and are based on the same operative facts; and Plaintiff seeks essentially the same relief with respect to its trust funds accounts.

## I. PLAINTIFF'S POSITION

The pertinent portion of Section 1500 provides that this Court does not have jurisdiction over "any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ." Plaintiff believes that the analysis of the

applicability of Section 1500 begins with the determining whether the Federal District Court complaint or the Court of Federal Claims complaint was filed first. *Ak-Chin Indian Community v. United States*, 80 Fed.Cl. 305, 308 (2008); *Breneman v. United States*, 57 Fed.Cl. 571, 575 (2003), *aff'd* 97 Fed.Appx 329 (D.C.C. 2004) (not selected for publication in the Federal Reporter), *cert. denied* 543 U.S. 1021 (2004). Plaintiff further believes that if this Court determines that the Tribe did not have a suit pending against the United States when the Court of Federal Claims was filed, "the court need not address the 'same claim' issue because the timing issue is dispositive of this court's jurisdiction." *Breneman*, 57 Fed.Cl. at 575; *accord Ak-Chin* 80 Fed.Cl. at 313.

Like *Ak-Chin* and *Breneman*, the two complaints at issue here were filed on the same day. Also like *Ak-Chin* and *Breneman*, Plaintiff believes that Section 1500 does not apply because FedEx records clearly establish that the Court of Federal Claims complaint was filed first. In support of that position, Plaintiff submits herewith the Declaration of Gayla Fills Pipe dated March 17, 2008 (the "Fills Pipe Declaration"), Declaration of Dawn Sturdevant Baum dated March 24, 2008 (the "Baum Declaration") and the Declaration of K. Heidi Gudgell dated March 25, 2008 (the "Gudgell Declaration").

The Native American Rights Fund ("NARF") office in Boulder, Colorado, sent the *Nez Perce* Accounting case to the Federal District Court by FedEx. (Fills Pipe Declaration, ¶3). The Federal District Court received that complaint on December 28, 2006, at 10:28 a.m. (*Id*. ¶4). The Tribe sent the complaint in the instant matter to the Court of Federal Claims, also by FedEx, and it was received at 9:00 a.m. on December 28, 2006. (Gudgell Affidavit, ¶¶ 4, 5).

In addition to the FedEx delivery confirmations, there is additional evidence that the Federal District Court complaint was not filed until at least 2:00 p.m. on December 28, 2006. When NARF

sent the complaint to the Federal District Court, a check for the filing fee was not included with the complaint. (Baum Declaration, ¶3). Upon learning that a check had not accompanied the complaint, Melody McCoy, an attorney in NARF's Boulder office, contacted Dawn Sturdevant Baum, an attorney in NARF's Washington, D.C., office and asked Ms. Baum to deliver a check for the filing fee. (*Id*. ¶3). Ms. Baum personally delivered a check for the filing fee to the Federal District Court at approximately 2:00 p.m. on December 28, 2006. (*Id*. ¶4).

Counsel for the Tribe recently spoke with Greg Hughes, Chief Deputy Clerk of the Federal District Court for the District of Columbia, about that office's procedures for filing documents on December 28, 2006. (Gudgell Declaration, ¶6). Mr. Hughes said that documents were filed in the order in which they are received, but that a complaint would not be filed until the clerk's office also had received payment for the filing fee. (*Id*.).

Plaintiff believes that the Tribe's complaint in this Court was filed before the *Nez Perce* Accounting Case was filed in the Federal District Court. Plaintiff further believes, therefore, that Section 1500 does not deprive this Court of jurisdiction over the claims asserted in the Complaint in the above matter.

## II. DEFENDANT'S POSITION

Defendants believe that Section 1500 divests the Court of Federal Claims of jurisdiction over simultaneously filed actions if both suits are based on the same claims and seek the same relief. *See, e.g., United States v. County of Cook*, 170 F.3d 1084, 1091 (Fed. Cir. 1999); *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). In both of these cases, the United States Court of Appeals for the Federal Circuit found that claims filed on the same day were deemed to be pending for purposes of analyzing whether Section 1500 deprives the Court of Federal Claims of jurisdiction.

"[Section 1500's] purpose was to 'force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court' and to prevent the United States from having to litigate and defend against the same claim in both courts." *Harbuck*, 378 F.3d at 1328 (citing *Keene Corp. v. United States*, 508 U.S. 200, 206-07 (1993) and *UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir.1992) (*en banc*)). In both *Harbuck* and *Cook*, the Federal Circuit found that, because the claims at issue were filed on the same day, the determinative question became whether the claims presented were the same. *See Harbuck*, 378 F.3d at 1328 (citation omitted).

In this instance, Plaintiff does not dispute that it filed this case and the *Nez Perce* Accounting Case on the same day. Thus, Defendant believes the critical issue is whether the operative facts, claims, and request for relief in the *Nez Perce* Accounting Case are the same as those presented to this Court. In Defendant's view, the operative facts, claims, and relief sought in the two cases are essentially the same, and, as a consequence, this case should be dismissed under Section 1500.

To the extent that the Court deems it appropriate to address in this case, at this juncture, the issue of whether the Court has jurisdiction under Section 1500, Defendant proposes that the Court and the parties follow the model established in *Eastern Shawnee Tribe v. United States*, No. 06cv00917-CFL, i.e., the Court issues an order for Plaintiff to show cause as to why this case should not be dismissed under Section 1500 and sets a schedule for the submission of briefs by Plaintiff and Defendant regarding that "show cause" order.[1/] Further, Defendant proposes that, if material facts,

---

[1/] Defendant believes that this joint report is not the appropriate vehicle for the parties to set forth their full factual and legal arguments regarding Section 1500 or to submit extra-record evidence, especially hearsay testimony (*see*, *e.g.*, the Baum, Fills Pipe, and Gudgell declarations submitted by Plaintiff herewith). Therefore, Defendant reserves its arguments for any motions practice or other briefing on the Section 1500 issue that may be ordered or permitted. Nevertheless, Defendant respectfully requests that, if the Court is inclined to use or rely upon this joint report (in (continued...)

such as the timing and filing of the complaints in this case and the *Nez Perce* Accounting Case, are in dispute, the Court conduct an evidentiary hearing, at which the parties may present and examine fact witnesses and submit any other evidence relating to the matter. *See, e.g., Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305, 308 (2008) ("With both complaints having been filed on December 29, 2006, the determination of which complaint was filed first is not without difficulty.").

Respectfully submitted this 1st day of April, 2008,

*s/K. Heidi Gudgell by s/E. Kenneth Stegeby*
*by written permission on April 1, 2008*
K. HEIDI GUDGELL
Senior Staff Attorney
Office of Legal Counsel
Nez Perce Tribe
P.O. Box 305
Lapwai, ID 83540
Tel: (208) 843-7355
Fax: (208) 843-7377

Attorney of Record for Plaintiff

RONALD J. TENPAS
Assistant Attorney General

*s/ E. Kenneth Stegeby*
E. KENNETH STEGEBY
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 616-4119
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663

[1/](...continued)
particular, Plaintiff's declarations), in any way, to decide the Section 1500 issue, the Court allow Defendant the opportunity to submit full briefing on the issue; depose or otherwise examine Plaintiff's declarants, as well as any other relevant witnesses, at an evidentiary hearing; and submit any additional pertinent evidence, so that the Court can have a full and complete factual and legal record before it renders its decision. If it is desirable to the Court, counsel for the parties will discuss and determine a mutually satisfactory briefing, discovery, and evidentiary hearing schedule, which they will propose for the Court's consideration.

Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

MICHAEL BIANCO
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20217