**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **NEZ PERCE TRIBE,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | **Case No. 06-910L**<br>**Judge Charles F. Lettow**<br><br>**NEZ PERCE TRIBE'S RESPONSE TO THE COURT'S APRIL 9, 2008 ORDER TO SHOW CAUSE** |

COMES NOW, the Nez Perce Tribe (the "Tribe"), by and through its undersigned attorney of record, and submits this *Response to the Court's April 9, 2008 Order to Show Cause* why this "case should not be dismissed in light of the jurisdictional issue raised by 28 U.S.C. § 1500." (Doc. No. 13). The Tribe's *Response* is supported by the following, previously-filed documents: the Declaration of K. Heidi Gudgell dated March 25, 2008 (the "Gudgell Declaration) (Doc. No. 12-2); the Declaration of Gayla Fills Pipe dated March 17, 2008 (the "Fills Pipe Declaration") (Doc. No. 12-3); and the Declaration of Dawn Sturdevant Baum dated March 24, 2008 (the "Baum Declaration") (Doc. No. 12-4). In addition, the Tribe's *Response* is supported by the Declaration of Donald R. Wharton, submitted concurrently herewith (the "Wharton Declaration"), and the Civil Cases Reports and Docket Sheets for December 28, 2006, from this Court and from the United States District Court for the District of Columbia (the "Federal District Court").

As discussed more thoroughly below, 28 U.S.C. § 1500 ("Section 1500") does not deprive this Court of jurisdiction over the claims asserted in this matter. The documentary

evidence before the Court, including official court records and business records from Federal Express ("FedEx"), an independent entity that has no interest in the outcome of these proceedings, clearly establishes that the damages complaint in this matter (Doc. No. 1) was filed before the class action complaint for an accounting, in which the Tribe is the lead plaintiff, was filed in the Federal District Court.

## I. FACTS

The facts regarding the Section 1500 issue in this case are simple and clearly documented. Two complaints against the United States were filed on December 28, 2006, alleging various breaches of the United States' trust responsibilities to properly protect, preserve, manage, and accurately account for financial assets of the Tribe. Both complaints were delivered by FedEx, and FedEx proof-of-delivery records establish that: the damages complaint in this case was delivered to this Court at 9:00 a.m. (Doc. No. 12-2, ¶¶ 4, 5); and the class action complaint for an accounting was later delivered to the Federal District Court at 10:28 a.m. (Doc. No. 12-3, ¶4).[1]

The Federal District Court case was filed by the Native American Rights Fund ("NARF") (Doc. No. 12-3, ¶3; Wharton Declaration, ¶2), and it was the only complaint filed by NARF in the Federal District Court for the District of Columbia on December 28, 2006 (Wharton Declaration, ¶5). That fact is confirmed by the December 28, 2006 Civil Cases Report for the Federal District Court for the District of Columbia (a copy of which is attached hereto as Exhibit A). Likewise, the Civil Cases Report for this Court for December 28, 2006 (a copy of which is attached hereto as Exhibit B), establishes that the instant case was the only case involving the

---

[1] *See Nez Perce Tribe v. Kempthorne*, No. 1:06-cv-02239-JR (D.D.C.).

Nez Perce Tribe that was filed that day. The December 28, 2006 Docket Sheets for each court further demonstrate that only one case was filed on behalf of the Tribe in each court on that day.

In addition to the FedEx proof-of-delivery records, the Civil Cases Reports, and the Docket Sheets, there is additional evidence that the Federal District Court complaint was not filed until at least 2:00 p.m. on December 28, 2006. When NARF sent the class action complaint to the Federal District Court, a check for the filing fee was not included with the complaint (Doc. No. 12-4, ¶3). Upon learning that a check had not accompanied the complaint, Melody McCoy, an attorney in NARF's Boulder office, contacted Dawn Sturdevant Baum, an attorney in NARF's Washington, D.C., office and asked Ms. Baum to deliver a check for the filing fee (*Id.*). Ms. Baum personally delivered a check for the filing fee to the Federal District Court at approximately 2:00 p.m. on December 28, 2006 (Doc. No. 12-4, ¶4).

Counsel for the Tribe later spoke with Greg Hughes, Chief Deputy Clerk of the Federal District Court for the District of Columbia, about that office's procedures for filing documents on December 28, 2006 (Doc. No. 12-2, ¶6). Mr. Hughes said that documents generally were filed in the order in which they are received, but if the clerk's office received a complaint without a filing fee, the complaint would not be filed until the clerk's office also received payment for the filing fee (*Id.*).

## II. PROCEDURAL BACKGROUND

After the instant case was filed, counsel for the Tribe and the United States moved to stay the litigation for approximately one year to allow the parties to continue with on-going negotiations in the Tribal Trust Fund Settlement Project and to allow the Federal District Court case to proceed first (Doc. No. 5, ¶3). The Tribe and the United States also jointly requested that the stay order include deferral of the United States' obligation to answer or otherwise respond to

the Tribe's complaint (Doc. No. 5, ¶6.b). This Court granted the joint motion and entered an *Order* on March 1, 2007, staying these proceedings until February 26, 2008, prior to which time the parties were to file another joint status report (Doc. No. 7).

On February 26, 2008, the parties filed their second joint status report and motion to continue the stay of this litigation for another year while they continued to work toward a mutually agreeable resolution of the Tribe's claims in this case (Doc. No. 8). On February 27, 2008, the Court denied the parties' motion to continue the stay expressing both support for the parties' settlement efforts and concern about the jurisdictional question (Doc. No. 9). The Court lifted the stay and ordered the parties to submit a joint status report by March 18, 2008, setting out their views on whether this case or the Federal District Court case was filed first and the applicability of Section 1500 (*Id.*). The parties asked for additional time, until April 1, 2008, to submit their joint report (Doc. No. 10), and the Court granted that request (Doc. No. 11).

With the April 1, 2008 joint status report (Doc. No. 12), the Tribe submitted three affidavits containing facts supporting its argument that Section 1500 is not applicable here because this case was filed before the Federal District Court case. The United States argued that same-day filings automatically deprive this court of jurisdiction pursuant to Section 1500 (*Id.*). The United States also suggested that the court enter a briefing schedule and, if material facts appear to be in dispute, that the court conduct an evidentiary hearing on the Section 1500 issues (*Id.*).

The court held a telephonic status conference on April 9, 2008, and entered an *Order to Show Cause* directing the Tribe "to show cause why the case should not be dismissed in light of the jurisdictional issues raised by 28 U.S.C. §1500 (Doc. No. 13). The Tribes submits this brief in response to that order.

## III. ARGUMENT

The pertinent portion of Section 1500 provides that this Court does not have jurisdiction over "any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . ." It is well-established that the jurisdiction of this court "depends upon the state of things at the time of the action brought." *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993), *quoting Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824) (Marshall, C.J.). In other words, this Court's jurisdiction is established at the time a complaint is filed. *Hardwick Brothers Co. II v. United States,* 72 F.3d 883, 885 (Fed. Cir. 1995); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1548 (Fed. Cir. 1994); *Breneman v. United States*, 57 Fed.Cl. 571, 577 (2003), *aff'd* 97 Fed.Appx 329 (Fed. Cir. 2004) (not selected for publication in the Federal Reporter), *cert. denied* 543 U.S. 1021 (2004).

Even where, as here, the complaints at issue were filed on the same day, this Court must first determine whether this case or the Federal District Court case was filed first. *Breneman*, 57 Fed.Cl. at 575; *Ak-Chin Indian Community v. United States*, 80 Fed.Cl. 305, 308 (2008). If this Court determines that this case was filed first, "the court need not address the 'same claim' issue because the timing issue is dispositive of this court's jurisdiction." *Breneman*, 57 Fed.Cl. at 575; *accord Ak-Chin* 80 Fed.Cl. at 313.[2] Like *Ak-Chin* and *Breneman*, the two complaints at issue

[2]The United States likely will argue that same-day filings automatically deprive this court of jurisdiction pursuant to Section 1500. This Court previously has ruled, however, that there is no legal support for the United States' same-day argument. *Breneman*, 57 Fed. Cl. at 577; *Ak-Chin*, 80 Fed. Cl. at 308 n.4. In addition, Judge Baskir recently entered an unpublished opinion reaching the same conclusion regarding the two-prong analysis and the same-day argument that Judge Hewitt reached in *Breneman* and *Ak-Chin*. *See* the April 24, 2008 Opinion and Order in *The Salt River Pina-Maricopa Indian Community v. The United States of America*, Case no 06-943L (Doc. No. 48, p. 18).

here were filed on the same day. Also like *Ak-Chin* and *Breneman*, Section 1500 does not apply because the record in this case clearly establishes that this case was filed first.

The evidentiary issues in this case actually are simpler than *Ak-Chin* and *Breneman* because the time of filing the two Nez Perce complaints is documented by the FedEx proof-of-delivery records. FedEx delivered the damages complaint to this Court at 9:00 a.m. (Doc. No. 12-2, ¶¶ 4, 5), and FedEx delivered the accounting class action complaint to the Federal District Court at 10:28 a.m. (Doc. No. 12-3, ¶4). In addition, the December 28, 2006 Civil Cases Reports from this Court and the Federal District Court (Exhibits A and B) establish that those were the only two Nez Perce complaints filed in those courts on that day[3] and that the Nez Perce accounting class action was the last civil case filed in the Federal District Court that day.

The FedEx proof-of-delivery documents are the business records of an independent entity that has no interest in the outcome of these proceedings. In addition, Rule 44(a) of the Rules of the United States Court of Federal Claims essentially allows this Court to take judicial notice of the Civil Cases Reports and Docket Sheets. Specifically, Rule 44(a) provides that an "official record kept within the United States , or any state, district, or commonwealth . . . or any entry therein, when admissible for any purpose, may be evidenced by an official publication thereof . . ." The Tribe submits that the FedEx proof-of-delivery documents and the official records of the two courts are sufficient to establish that this case was filed first.

In addition to these independent business records and official judicial records, however, there is additional evidence in this record that this case was filed first. The Baum Declaration

---

[3] That those were the only two Nez Perce complaints filed that day can be further substantiated by reviewing the Docket Sheet for each case filed in the two courts on December 28, 2006. Copies of the Docket Sheets are not attached to this brief because they are lengthy and because they are easily obtainable on-line through the PACER system.

establishes that the Federal District Court did not receive the filing fee for the accounting class action complaint until approximately 2:00 p.m. on December 28, 2006 (Doc. No. 12-4, ¶4). The Gudgell Declaration relates the policy of the Federal District Court Clerk's office that complaints generally are filed in the order they are receive, but that a complaint would not be filed until the filing fee was received (Doc. No. 12-2, ¶6). That policy and Ms. Baum's testimony that the filing fee was paid at approximately 2:00 p.m. are consistent with the fact that the accounting class action was the last case filed in the Federal District Court on December 28, 2006.

## IV. CONCLUSION

For the foregoing reasons, it is clear that the instant case was filed before the Nez Perce accounting class action was filed in the Federal District Court. Therefore, Section 1500 does not deprive this Court of jurisdiction over the Tribe's claims in this matter, and this Court need not address the "same claim" issue.

Respectfully submitted this 23rd day of May, 2008.

K. Heidi Gudgell

K. Heidi Gudgell
Senior Staff Attorney
Office of Legal Counsel
Nez Perce Tribe
P.O. Box 305
Lapwai, ID 83540
Tel: (208) 843-7355
Fax: (208) 843-7377

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of May, 2008, I filed the foregoing **OPENING BRIEF OF THE NEZ PERCE TRIBE IN RESPONSE TO THE COURT'S APRIL 9, 2008 ORDER TO SHOW CAUSE** electronically though the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Erik Kenneth Stegeby
U.S. Department of Justice - ENRD
601 D. Street, NW
Washington, DC 20004
(202) 616-4119
Fax: (202) 353-2021
email: kenneth.stegeby@usdoj.gov

Marlene Trumbo
Marlene Trumbo
Administrative/Legal Assistant