IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NEZ PERCE TRIBE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:06-cv-00910-CFL |
| | ) | |
| DIRK KEMPTHORNE, JAMES E. CASON, and HENRY M. PAULSON | ) | Judge Charles F. Lettow |
| | ) | |
| Defendant. | ) | **Electronically filed: July 8, 2008** |
| | ) | |

**DEFENDANTS' RESPONSE IN SUPPORT OF ORDER TO SHOW CAUSE WHY CASE SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1500**

E. KENNETH STEGEBY
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 616-4119
Fax: (202) 353-2021

Attorney for Defendant
UNITED STATES OF AMERICA

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

MICHAEL BIANCO
Office of the Solicitor
United States Department of the Interior
Washington, DC 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Because the District Court Complaint Was Filed on the Same Day as the CFC Complaint, § 1500 Deems it Simultaneously-Filed and, Thus, Pending. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1. *Brief history of § 1500's "pending" claim issue in the Federal Circuit and Supreme Court.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2. *The plain language of § 1500, the intent of § 1500, and relevant Federal Circuit decisions addressing same-day filings deem the District Court Complaint simultaneously-filed, and, therefore, pending at the time Plaintiff filed the CFC Complaint.* . . . . . . . . . . . . . . . 11

3. *A broad interpretation of the* Tecon *exception to include same-day filings would eviscerate the purpose of §1500* . . . . . . . . . . . . . . . . . . . . . 15

4. *Even if* Tecon *applied, Plaintiff has failed to meet its burden to establish jurisdiction.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

B. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

C. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

1. *Both complaints indicate Plaintiff seeks an accounting.* . . . . . . . . . . . . . . 24

2. *Both complaints indicate Plaintiff seeks monetary relief..* . . . . . . . . . . . . 26

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Ak-Chin Indian Cmty. v. United States*, 80 Fed. Cl. 305 (2008) . . . . . . . . . . . . . . . . 11, 13, 17, 21

*Breneman v. United States*, 57 Fed. Cl. 571 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438 (1939)
*cert. denied*, 310 U.S. 627 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . 27

*Corona Coal Co. v. United States*, 263 U.S. 537 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*d'Abrera v. United States*, 78 Fed. Cl. 51, 57 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Eastern Shawnee Tribe*, 2008 U.S. Claims LEXIS 180, * 11-12, 2008 WL 2554942, *4
(Fed. Cl. Jun. 23, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 20, 21, 23, 24, 25, 26

*Ervin & Assocs., Inc. v. United States*, 44 Fed. Cl. 646 (Fed. Cl. 1999) . . . . . . . . . . . . . . . . . . . . 2

*Gaubert v. United States*, 28 Fed. Cl. 597 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harbuck v. United States*, 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Hardwick Bros. Co. II v. United States*, 72 F.3d 883 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . 9, 15

*Hill v. United States*, 8 Cl. Ct. 382 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Hobbs v. United States*, 168 Ct. Cl. 646 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*In re Markowitz*, 190 F.3d 455 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johns-Manville Corp. v. United States*, 855 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . . . . . 19, 20, 27

*Keene Corp. v. United States*, 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Klamath & Modoc Tribes v. United States*, 174 Ct. Cl. 483 (1966) . . . . . . . . . . . . . . . . . . . . . . 26

*Lemon v. Kurtzman*, 403 U.S. 602 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . 9, 19, 20, 28

*Nat'l Cored Forgings Co. v. United States*, 132 Ct. Cl. 11, 132 F. Supp. 454
(Ct. Cl. 1955). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Nat'l Union Fire Ins. Co. v. United States*, 19 Cl. Ct. 188 (1989) . . . . . . . . . . . . . . . . . . . 10, 13

*Nez Perce Tribe v. Kempthorne*, 06-cv-02239-JR (D.D.C. Dec. 28, 2006) . . . . . . . . . . . . passim

*Northrop Corp. v. United States*, 27 Fed. Cl. 795 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Pa. R.R. Co. v. United States*, 363 U.S. 202 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Passamaquoddy Tribe v. United States*, 2008 U.S. Claims LEXIS 174,
2008 WL 2501195 (Fed. Cl. Jun. 19, 2008) . . . . . . . . . . . . . . . . . . . . 5, 11, 13, 15, 16, 21

*Preiser v. Newkirk*, 422 U.S. 395 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pueblo of Laguna v. United States*, 60 Fed. Cl. 133 (Fed. Cl. 2004) . . . . . . . . . . . . . . . . . . . . 27

*Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . 1, 3, 17, 18

*Salt River Pima-Maricopa Indian Community v. United* States,
No. 06-943L, 2008 WL 1883170 (Fed. Cl. Apr. 24, 2008) . . . . . . . . . . . . . . . . . 11, 13, 17

*Snyder v. United States*, 63 Fed. Cl. 762 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tecon Eng'rs, Inc. v. United States*, 170 Ct. Cl. 389, 343 F.2d 943 (1965)
*cert. denied*, 382 U.S. 976 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Tohono O'odham*, 79 Fed. Cl. 645 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 24-26

*United States v. Brown*, 333 U.S. 18 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. County of Cook*, 170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . *passim*

*UNR Indus., Inc. v. United States*, 911 F.2d 654 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 1

*UNR Indus., Inc. v. United States*, 962 F.2d 1013 (Fed. Cir. 1992) (*en banc*) . . . . . . . . . . *passim*

**FEDERAL STATUTES AND RULES**

28 U.S.C. § 1446(d) . . . . . . . . . . 9

28 U.S.C. § 1500 . . . . . . . . . . *passim*

28 U.S.C. §1631 . . . . . . . . . . 10, 12-14

RCFC 12(b)(1) . . . . . . . . . . 4

RCFC 17(a) . . . . . . . . . . 4

**CONGRESSIONAL RECORDS AND OTHER REFERENCES**

81 Cong. Globe, 40th Cong., 2d Sess. 2769 (1868) . . . . . . . . . . 14-15

Brief of Respondent, *Keene Corp. v. United States*, No. 92-166 (U.S. Jan. 1993) . . . . . . . . . . 16

David Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents*, 55 GEO. L.J. 578 (1967) . . . . . . . . . . 17

*Webster's Third New International Dictionary* 1934 (1986) . . . . . . . . . . 19

## I. INTRODUCTION

On December 28, 2006, Plaintiff filed complaints both in the U.S. District Court for the District of Columbia ("District Court") and in this Court. Complaint, *Nez Perce Tribe v. Kempthorne*, 06-cv-02239-JR (D.D.C. Dec. 28, 2006) (attached hereto as Exhibit 1); Complaint, *Nez Perce Tribe v. Kempthorne*, 06-cv-910-L (Fed. Cl. Dec. 28, 2006). 28 U.S.C. § 1500 divests this Court of jurisdiction if (1) a district court case is pending; (2) the two complaints allege the same operative facts; and (3) plaintiff seeks overlapping relief in both courts. *See, e.g.*, *United States v. County of Cook*, 170 F.3d 1084, 1091 (Fed. Cir. 1999); *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Plaintiff bears the burden of establishing that this Court has jurisdiction, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), and it has failed to carry that burden.

As explained in detail below, this case is jurisdictionally defective. Because Plaintiff filed both complaints on the same day, this Court should consider the District Court case pending for purposes of § 1500, and, on that basis, it should dismiss this case for lack fo jurisdiction. Even if the Court were to decide that the precise time (as opposed to merely the date) of filing mattered, however, Plaintiff has failed to prove that it filed its complaint in this Court first, as it must, in order to establish this Court's jurisdiction.

As for the second and third prongs under § 1500 analysis, the claims against Defendant[1/] in

[1/] We note that Plaintiff has named Kempthorne, Cason and Paulson as defendants. 28 U.S.C. § 1500 applies equally to lawsuits against agencies and officers of the United States, as well as lawsuits against the United States itself. *See UNR Indus., Inc. v. United States*, 911 F.2d 654, 660-61 (Fed. Cir. 1990) *overruled on other grounds by UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992) (*en banc*) ("*UNR*"). For that reason, § 1500 applies to named defendants.

this case and in the District Court case arise out of the same operative facts, and, in both cases, Plaintiff seeks overlapping relief in the form of an accounting and monetary damages. Specifically, Plaintiff seeks relief related to Defendant's management and administration of Plaintiff's trust funds and property (collectively, "trust assets").

Because all three prongs of § 1500 are satisfied, Plaintiff has not carried its burden to establish jurisdiction, and, therefore, § 1500 divests this Court of subject matter jurisdiction to consider Plaintiff's claims.

## II. RELEVANT FACTUAL BACKGROUND

On December 28, 2006, Plaintiff filed two complaints. It filed one complaint in the District Court against the Secretary of the Interior and the Secretary of the Treasury. *See* District Court Complaint, ¶¶ 71-75, 77-80, 82-86 (seeking declarative and injunctive relief).[2] Also, on that same day, Plaintiff filed a complaint in this Court against the Secretary of the Interior and the Secretary of the Treasury, as well as the Assistant Secretary of the Interior for Indian Affairs and chief officer of the Bureau of Indian Affairs ("BIA"). *See* CFC Complaint, *Claim for Relief* ¶ 30 (requesting damages). On February 20, 2007, the parties filed a joint motion to stay this case to allow the parties to continue participating in the Tribal Trust Fund Settlement Project ("TTFSP"), and, on March 1, 2007, the Court ordered the case stayed until February 26, 2008. On February 26,

---

[2] Plaintiff later filed an amended complaint. Amended Complaint, *Nez Perce Tribe v. Kempthorne*, No. 06-cv-02239-JR (D.D.C. April 2, 2007) (attached hereto as Exhibit 2). The amendments consist of (1) the addition of named plaintiffs; (2) a request that the Court order Defendant to preserve documents relevant to the lawsuit; and (3) the express exclusion of certain tribes from the purported class. The amended complaint is identical in substance to the original complaint and, therefore, it did not change the jurisdictional posture. *See Ervin & Assocs., Inc. v. United States*, 44 Fed. Cl. 646, 655 n.8 (Fed. Cl. 1999) (concluding that plaintiffs can cure defective *allegations* of jurisdiction with amended complaints, but cannot remedy *actual jurisdictional defects*).

2008, the parties requested that the Court continue the stay, but the Court instead ordered the parties to file a joint status report setting out their views as to whether, in light of § 1500, this case or the District Court case was filed first. On April 9, 2008, after a telephonic status conference with the parties, this Court issued an Order to Show Cause in which it directed Plaintiff "to show cause why the case should not be dismissed in light of the jurisdictional issue raised by 28 U.S.C. § 1500." *See* Dkt. 13. On May 23, 2008, Plaintiff filed a brief in opposition to the Order to Show Cause, arguing that § 1500 does not preclude the Court from exercising jurisdiction over its case. *See* Plaintiff's Opposition to Show Cause Order, Dkt. 15. Defendant hereby submits its response.

While the complaints may appear different at first blush, in substance, the two complaints , filed on the same day, seek overlapping relief based on the same operative facts. Therefore, § 1500 divests this Court of jurisdiction over the present suit, thereby promoting the significant purpose upon which § 1500 rests, namely "to 'force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court' and to prevent the United States from having to litigate and defend against the same claim in both courts." *Harbuck*, 378 F.3d at 1328 (citing *Keene Corp. v. United States*, 508 U.S. 200, 206-07 (1993) and *UNR*, 962 F.2d at 1018, 1021).

## III. ARGUMENT

Determining whether this Court has subject matter jurisdiction to hear Plaintiff' claims is a question of law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law."). Plaintiff must carry the burden of establishing jurisdiction. *Reynolds*, 846 F.2d at 748. Section 1500 provides as follows:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting

or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. This section divests this Court of jurisdiction over its claims if (1) a district court case is pending, (2) the two complaints allege the same facts, and (3) Plaintiff seeks overlapping relief in both courts. *Keene Corp.*, 508 U.S. at 208-09, 12*; Harbuck*, 378 F.3d at 1328-29. Congress enacted this provision to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR*, 962 F.2d at 1018, 1021.

If § 1500 divests this Court of jurisdiction, the Court must dismiss the CFC Complaint. *See, e.g.*, *Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to RCFC 12(b)(1) for lack of jurisdiction under § 1500 and pursuant to RCFC 17(a)); *County of Cook*, 170 F.3d at 1091 (comparing claims in a district court complaint against claims in this Court's complaint claim-by-claim for purposes of § 1500). Plaintiff filed two complaints – both in this Court and in the District Court – on the same day. The relevant claims against the United States in both cases arise out of the same operative facts, and, in both cases, Plaintiff seeks overlapping relief from the United States in the form of a full and complete accounting and related monetary compensation.

Plaintiff argues that § 1500 "does not deprive this Court of jurisdiction over the Tribe's claims in this matter . . . ." Pl.'s Resp. to the Court's Apr. 9, 2008 Or. to Show Cause, at 7. Plaintiff's interpretation of 28 U.S.C. § 1500 is at odds with the long-recognized objective of § 1500 that the United States should not be compelled to defend two substantially related lawsuits in two different courts. Because Plaintiff filed the two cases on the same day, the District Court case should be deemed pending for purposes of § 1500. Moreover, on the face of the District Court

Complaint, Plaintiff seeks, among other things, a declaration that Defendant owes Plaintiff a fiduciary duty as a trustee; a declaration that it breached those duties by failing to provide a full, accurate, and timely accounting; a declaration that such failure caused Plaintiff irreparable injury; injunctive relief requiring Defendant to provide an accounting; and injunctive relief to force Defendant to correct Plaintiff's account balances. *See* District Court Complaint ¶¶ 1-2, 4-8, 26-58; *Counts I & II*; *Prayer for Relief*.

Similarly, on the face of the Court of Federal Claims Complaint ("CFC Complaint"), Plaintiff seeks, among other things, monetary damages for the government breaching its fiduciary duties to Plaintiff, including the duty to invest the trust funds to maximize returns. *See* CFC Complaint ¶¶ 7-28; *Claim for Relief*. Thus, Plaintiff's filing of the District Court case on the same day as the CFC Complaint divested this Court of jurisdiction under 28 U.S.C. § 1500, and the Court must therefore dismiss the present Complaint.

A. Because the District Court Complaint Was Filed on the Same Day as the CFC Complaint, § 1500 Deems it Simultaneously-Filed and, Thus, Pending.

Congress intended § 1500 to protect the United States from litigating the same claim in two courts. Thus, it would seem extraordinary for a plaintiff to frustrate Congress' intent merely by filing the district court case hours, minutes, or even seconds after filing the CFC Complaint. The plain language of § 1500 suggests nothing of that sort. Nevertheless, the Federal Circuit's jurisprudential turns have complicated the "pending claim" issue. *See Passamaquoddy Tribe v. United States*, 2008 U.S. Claims Lexis 174, *14-52, 2008 WL 2501195, #5-16 (Fed. Cl. Jun. 19, 2008) (describing the landmark precedents applying § 1500). As explained below, however, applicable precedents, § 1500's plain language, and § 1500's purpose indicate that complaints filed in this Court and another court on the same day are deemed to be "filed simultaneously" and

"pending" for purposes of § 1500.

*1. Brief history of § 1500's "pending" claim issue in the Federal Circuit and Supreme Court.*

The straightforward, plain language of § 1500 divests this Court of jurisdiction whenever a plaintiff attempts to maintain overlapping claims in this and another court, regardless of whether the plaintiff filed its complaint in the other court before, simultaneously, or after it filed its complaint in this Court. Indeed, the Court of Claims and the Supreme Court interpreted § 1500 in that very fashion by initially holding that § 1500 applied regardless of the order in which the plaintiff filed the complaints. *UNR*, 962 F.2d 1013, 1019 (Fed. Cir. 1992) (discussing the evolution of § 1500 jurisprudence); *see also Corona Coal Co. v. United States*, 263 U.S. 537, 540 (1924) (holding that the "words of [the prior version of § 1500] are plain, with nothing in the context to make their meaning doubtful; no room is left for construction, and we are not at liberty to add an exception in order to remove apparent hardship in particular cases . . . .").

In *Tecon Eng'rs, Inc. v. United States*, 170 Ct. Cl. 389, 343 F.2d 943 (1965) (*Tecon*), *cert. denied*, 382 U.S. 976 (1966), the Court of Claims created an exception to the plain language by holding that § 1500 would not divest its jurisdiction when a plaintiff filed a complaint in another court because that complaint was not "pending." *Id.* at 399. In *Tecon*, the plaintiff intentionally sought to divest the Court of Claims of jurisdiction (1) by filing its complaint in district court after two years and extensive pretrial proceedings in the Court of Claims and (2) by subsequently moving to dismiss its own complaint in the Court of Claims under § 1500. The Court of Claims rejected that attempt by holding that the subsequently-filed district court complaint did not divest it of jurisdiction. *Id.* at 401-402. In creating this limited exception, however, the *Tecon* court explicitly distinguished its holding from situations in which complaints were simultaneously filed. *Id*. at 400-

01. It acknowledged that § 1500 applied to those simultaneous, or "same day," filings, citing cases that involved both same-day filings and even one in which the action was filed one day *after* filing in the Court of Claims. *Id.* at 401 n.4.

In *UNR v. United States*, 962 F.2d 1013 (Fed. Cir. 1992), *aff'd sub nom. Keene Corp. v. United States*, 508 U.S. 200 (1993) (*Keene*), the Court of Appeals for the Federal Circuit, sitting *en banc*, thoroughly reviewed the legislative and judicial history of § 1500 and concluded that the judicial exception created in cases such as *Tecon* violated the plain language and the purpose of §1500. *Id.* at 1019-1024. In *UNR*, plaintiff had filed its complaint in the CFC after filing the same claims in district court. While the case in the CFC was pending, the district court dismissed its related case. The *UNR* plaintiff argued that § 1500 did not require the CFC to dismiss its complaint because the district court case was no longer pending. In other words, the *UNR* plaintiff argued the subsequent dismissals of the district court cases had revived the CFC's jurisdiction. The Federal Circuit rejected that argument. It held that, "if the same claim is pending in another court at the time the complaint is filed in the Claims Court, the Claims Court has no jurisdiction, regardless of when an objection is raised or acted on . . . ." 962 F.2d 1013 at 1021. In reaching this conclusion, the Federal Circuit applied the "time of filing" axiom "that jurisdiction is established, if at all, at the time suit is filed." *Id.* at 1022.

In an effort to rectify what it viewed as multiple errors in §1500 jurisprudence, the Federal Circuit went on to examine *Tecon* and *Tecon*'s conclusion that a subsequently-filed district court case did not divest the Claims Court of jurisdiction. *See UNR*, 962 F.2d at 1021 ("As can now be seen, section 1500 is rife with judicially created exceptions and rationalizations to the point that it no longer serves its purposes: to force an election of forum and to prevent simultaneous dual

litigation against the government."). The Federal Circuit rejected *Tecon*'s conclusion and held that "*Tecon* is overruled." 962 F.2d at 1023. The proper rule, according to the Federal Circuit, was simply this: "[I]f the same claim is filed in another court after the complaint is filed in the Claims Court, the Claims Court is by that action divested of jurisdiction . . . ." *Id.* at 1021. In explaining its decision to overrule *Tecon*, the Federal Circuit reasoned that any other interpretation would ignore the plain language of §1500 and eviscerate its meaning:

> Section 1500 states that the "[Court of Federal Claims] shall not have jurisdiction of any claim . . . in respect to which the plaintiff . . . has pending in any other court *any suit or process*." A case filed subsequent to a Claims Court complaint is clearly a "pending . . . suit or process." Thus, by the command that the Claim Court "shall not have jurisdiction," upon the occurrence of the triggering event, the filing of suit in another court, the Claims Court is automatically divested of jurisdiction. Congress wanted not to dictate the order in which a claimant files suits in the Claims Court and another court on the same claim, but to discourage him from doing so altogether. Otherwise the purpose of saving the government from defending the same claim in two courts at the same time would be defeated.

*UNR*, 962 F.2d at 1022-23.[3/]

When the Supreme Court reviewed the *UNR* decision in *Keene*, it upheld the Federal

[3/] The Federal Circuit explained that this conclusion did not violate the "time of filing" rule that it had just applied in the case because that rule applies to subsequent actions of the parties and not to subsequent operations of law: "Of course, it is axiomatic that once jurisdiction attaches, subsequent activities by the parties do not affect it. [Citation omitted] But the result here [to dismiss the complaint for lack of jurisdiction] occurs by operation of law." *UNR*, 962 F.2d at 1022-23. In many other situations, subsequent events divest courts of jurisdiction. Those situations include (1) mootness, *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 97 (1993); (2) dissolution of a case or controversy, *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (citations omitted)); (3) appeals, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") *superceded by statute on other grounds as recognized in In re Markowitz*, 190 F.3d 455, 460 n.2 (6th Cir. 1999); and (4) removal, 28 U.S.C. § 1446(d) (divesting state courts of jurisdiction when removing cases to federal district courts).

Circuit's decision that jurisdiction of the CFC should be examined based on the time of filing and that a subsequent dismissal of the District Court case could not re-create jurisdiction. *See Keene*, 508 U.S. at 207-08. Nevertheless, the Supreme Court explicitly refused to consider whether the *Tecon* exception still remained valid law: "We do not decide whether the statute also continues to bar a plaintiff from prosecuting a claim in the Court of Federal Claims while he has pending a later-filed suit in another court 'for or in respect to' the same claim. *Cf.* [*Tecon*]. As the dissenting judge [in *UNR*] noted below, this case does not present that issue." *Keene*, 508 U.S. at 209 n.4 (citations omitted).

After the Supreme Court's decision in *Keene*, the Federal Circuit determined that its decision to overrule *Tecon* and four other cases in *UNR* should be considered nonbinding *dicta* in view of the Supreme Court's dispensation of the case. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994) (*en banc*). Then, in *Hardwick Brothers Co. II v. United States*, 72 F.3d 883 (Fed. Cir. 1995) (hereinafter *Hardwick*, 378 F.3d 1324), a panel of the Federal Circuit reinstated *Tecon* without significant analysis: "*Tecon Engineers* remains good law and binding on this court." *Id.* at 886. However, neither *Loveladies* nor *Hardwick* addressed the precise parameters of when the *Tecon* exception should apply, and, certainly, neither addressed the issue of same-day filings.[4]

More recently, in the context of claims filed on the same date by operation of law, the Federal Circuit did not apply the *Tecon* exception and instead held that the claims would be considered "simultaneously" filed and the district court action deemed pending for purposes of §1500. In *County of Cook,* 170 F.3d at 1091, the court addressed the effect of the transfer statute,

---

[4] Although Defendant continues to maintain that *Tecon* is wrongly decided and should be overruled, this Court does not need to reach that issue in this case because, as explained below, the *Tecon* exception does not apply to same-day filings.

28 U.S.C. §1631, on its jurisdiction. In that case, the district court had transferred some, but not all, of the claims before it to the CFC. Under the transfer statute, the transferred claims are deemed to be filed "on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. The Federal Circuit held that the transferred claims should be considered "filed simultaneously" with the district court claims and that the district court claims, therefore, must be considered "pending" for purposes of §1500. *County of Cook*, 170 F.3d at 1090-91. *See Harbuck*, 378 F.3d at 1328 (transferred claim "was deemed filed in the Court of Federal Claims *on the same day* on which she originally filed that claim as one of the three counts of her district court complaint.") (emphasis added).

Although the Federal Circuit and Court of Claims have never applied the *Tecon* exception to same-day filings, the CFC decisions have been inconsistent. In *Hill v. United States*, 8 Cl. Ct. 382, 385-86 (1985), the court held that §1500 applied to claims filed on the same day, describing the claims as being filed "simultaneous," and dismissed the case. Similarly, in *Nat'l Union Fire Ins. Co. v. United States*, 19 Cl. Ct. 188 (1989), the court applied §1500 to complaints filed on the same day and dismissed the case because it observed that no one argued that "simultaneous filing of both suits" indicated that the District Court claim was "pending" within the meaning of §1500. *See id.* at 189. Then, in *Breneman v. United States*, 57 Fed. Cl. 571, 576-77 (2003) (J. Hewitt), the first case to apply the *Tecon* exception to same-day filings, the court declined to follow *County of Cook* and used affidavits to determine the order of filing within the day. Two other recent decisions from the CFC, *Salt River Pima-Maricopa Indian Community v. United* States, No. 06-943L, 2008 WL 1883170, *1 (Fed. Cl. 2008) (J. Baskir) and *Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305 (2008) (J. Hewitt), similarly applied the *Tecon* exception and held evidentiary hearings

to determine the order of filing for complaints filed the same day.

Most recently, however, in *Passamaquoddy*, the court conducted a very thorough review of the history of §1500 jurisprudence and correctly concluded as a matter of law that § 1500 applies to same-day filings, regardless of the precise order in which the plaintiff filed the cases on that day. *See* 2008 U.S. Claims Lexis 174, *24-34, *51.[5] As discussed below, this Court should follow the precedent of the Federal Circuit, and the persuasive reasoning of the court in *Passamaquoddy*, and hold that same-day filings are pending for purposes of §1500.

2. *The plain language of § 1500, the intent of § 1500, and relevant Federal Circuit decisions addressing same-day filings deem the District Court Complaint simultaneously-filed, and, therefore, pending at the time that Plaintiff filed the CFC Complaint.*

As discussed above, every decision from the Federal Circuit or its predecessor that has applied §1500 in the context of same day filings has reached the same result: the district court case has been deemed pending for purposes of §1500. *See County of Cook*, 170 F.3d at 1091 ("the 'filing' of the same claim in the district court and the Court of Federal Claims by operation of 28 U.S.C. § 1631 deprives the latter court of jurisdiction pursuant to § 1500."); *Harbuck*, 378 F.3d at 1328 (finding that the claim transferred under 28 U.S.C. § 1631 "was deemed filed in the Court of Federal Claims *on the same day* on which she originally filed that claim as one of the three counts of her district court complaint.") (emphasis added). Two earlier Court of Claims decisions reached the same result, but without the same level of analysis found in the *County of Cook* case. *See British American Tobacco Co. v. United States*, 89 Ct. Cl. 438 (1939) (dismissing petition filed in the Court

[5] In the alternative, "the [*Passamaquoddy*] court did not find [the plaintiff's witness's] testimony to be either persuasive or credible," so that it concluded that Plaintiff had not carried its evidentiary burden of establishing jurisdiction by proving plaintiff filed in the CFC first. *Id.* at *80-81.

of Claims under the statutory predecessor to section 1500 where the plaintiff had filed the same claim seeking the same relief on the same day in federal district court), *cert. denied*, 310 U.S. 627 (1940); *Nat'l Cored Forgings Co. v. United States*, 132 Ct. Cl. 11, 132 F. Supp. 454 (Ct. Cl. 1955) (dismissing complaint filed in the Court of Claims under § 1500, where the plaintiff had filed a complaint asserting the same claims in federal district court on the same day).

These cases are entirely consistent with the decision in *Tecon*, which, by its own terms, does not apply to claims filed on the same day. In *Tecon*, the Court of Claims established the category of "simultaneous" filings and quickly distinguished the facts in the case before it from the facts of the cases in that category. It recognized that

> [t]he cases cited by plaintiffs (and the other relevant cases) *are not particularly germane to our resolution of the correct interpretation of Section 1500, with respect to the facts of this case.* For the most part the cases involve situations where suit was filed in another court prior to, or simultaneous with,[4] the filing of the petition in this court. . . .
>
> [4] [*British Am. Tobacco Co.* and *Nat'l Cored Forgings Co.*]; also see *Hobbs v. United States*, 168 [Ct.] Cl. 646 (1964), which suit in the Fifth Circuit was filed one day after the petition was filed in this court.

170 Ct. Cl. at 400-01 (footnote omitted) (emphasis added). From *Tecon*'s footnote four, one can see that *Tecon* did not intend its rule to apply to complaints filed on the same day. First, although plaintiffs in *British Am. Tobacco Co.* and *Nat'l Cored Forgings Co.* filed their cases on the same day, but not at the same instant, the *Tecon* court categorized those cases as "simultaneous[ly]" filed. 170 Ct. Cl. at 400. Second, although the plaintiff in *Hobbs* filed a related action in another court one day later, *Tecon* approvingly cited *Hobbs* in support of applying § 1500 to divest jurisdiction over simultaneously-filed complaints. Thus, *Tecon*'s own language does not extend the exception that it created to claims filed on the same day in the CFC and in another court.

In *Passamaquoddy*, 2008 U.S. Claims Lexis 174, at *14-52, the court properly analyzed *Tecon* and the related precedent and concluded that same day filings must be considered "pending," for purposes of §1500 analysis. *Passamaquoddy*, 2008 U.S. Claims Lexis 174, at *14-52. Unlike *Passamaquoddy*, the other recent CFC cases that have applied the *Tecon* exception to same-day filings did not address the limitations placed on the exception by *Tecon* itself or the other post-*Tecon* cases that applied §1500 to same-day filings.[6] Instead, the decisions opined that the *County of Cook* and *Harbuck* decisions only apply to situations in which the cases are deemed filed simultaneously as a matter of law (*i.e.*, pursuant to the transfer statute).[7] But neither the language of the transfer statute nor the rationale used by the Federal Circuit in *County of Cook* supports this dismissive treatment of the cases.

First, the transfer statute does <u>*not*</u> direct that the transferred claims be deemed filed "simultaneously" with the district claims. Instead, it provides that the transferred claims are deemed filed "<u>*on the date*</u> upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631 (emphasis added). In *County of Cook*, the Federal Circuit properly

---

[6] *See Nat'l Union Fire Ins. Co.*, 19 Cl. Ct. at 189 ("There is no argument that simultaneous filing of both suits resulted in a claim 'pending' within the meaning of § 1500. Nor is this a case in which the plaintiff filed its action in district court after commencing suit in the Claims Court, as [in *Tecon*]."); *Hill*, 8 Cl. Ct. at 385-86 (finding that plaintiff declared that, by filing its complaints on the same day, it filed them "[s]imultaneous[ly]," so the district court complaint was pending)

[7] In *Breneman*, 57 Fed. Cl. at 577 (Fed. Cl. 2003), the court reasoned that *County of Cook* applies only to situations in which § 1631 deems cases filed literally simultaneously as a matter of law. *See* 57 Fed. Cl. at 577 ("at the *time* . . ."); *see also Salt River Pima-Maricopa Indian Cmty.*, 2008 WL 1883170, *4-5 (relying on *Breneman* and *Ak-Chin Indian Cmty.* to conclude that a district court complaint filed the same day is not pending for purposes of § 1500); *Ak-Chin Indian Cmty.*, 80 Fed. Cl. at 308 n.4 ("Defendant argues, without precedential authority, that an action in another court should be deemed 'pending' if it was filed on the same day as a complaint in this court." (quotations omitted)).

interpreted this provision to mean that the claims should be considered "simultaneously" filed because they were deemed filed on the same date. Similarly, in *Harbuck* the Federal Circuit did not say that the complaints were filed on the same instant by operation of the transfer statute. Rather, its factual finding was that the CFC action was deemed filed "*on the same day* on which she originally filed that claim as one of the three counts of her district court complaint." 378 F.3d at 1328 (emphasis added). Based on this finding that the complaints were filed "on the same day," the Federal Circuit held that the claims were simultaneously filed and thus subject to dismissal under §1500.

Moreover, in deciding that claims submitted on the same date should be construed as falling within §1500, the Federal Circuit did not rely on the technicalities of the transfer statute but instead explained that its ruling was needed to effectuate the purpose of §1500, which is to protect the United States from having to defend two lawsuits simultaneously:

> [W]e endeavor to further the established policies of §1500, which are "to force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court," *UNR [Industries, Inc. v. United States]*, 962 F.2d [1013,] 1018 [(Fed. Cir. 1992)] (citing the legislative history of the original version of §1500, 81 Cong. Globe, 40th Cong., 2d Sess. 2769 (1868), and to "protect the United States from having to defend two lawsuits over the same matter simultaneously," id.. at 1019. . . . These policies are promoted by precluding jurisdiction in the Court of Federal Claims over claims which had been previously filed in the district courts, and nothing suggests that these policies would not similarly be promoted by precluding jurisdiction in the simultaneous filing context.

*County of Cook*, 170 F.3d at 1090-91 (emphasis supplied). Given this rationale, there is no valid reason to construe *County of Cook* and *Harbuck* narrowly and limiting them to cases involving the operation of the transfer statute. Accordingly, consistent with language and intent of §1500, and the decisions of the Federal Circuit in *County of Cook* and *Harbuck*, this Court should conclude – as did the court in *Passamaquoddy* – that a district court action filed the same day as the action in the

CFC must be deemed pending for purposes os §1500, regardless of the precise order of the filings within the day.

3. *A broad interpretation of the* Tecon *exception to include same-day filings would eviscerate the purpose of §1500*

The exception created in *Tecon*, if applied sweepingly, would completely eviscerate the purpose of §1500, which is to prevent the United States from having to defend against the same claims simultaneously in two courts. The Federal Circuit explicitly recognized that fact when it originally overturned *Tecon* in *UNR*. Since that time, even though the Federal Circuit applied the *Tecon* exception in a case that had gone to trial in the CFC before the district court action was filed and opined in *gratis dictum* not to limit *Tecon* to its facts, *Hardwick*, 72 F.3d at 886,[8] no rationale exists for extending *Tecon* to same-day filings.

As discussed previously, *Tecon*, by its own terms, does not extend to same-day filings, and there is no valid rationale for extending the *Tecon* exception. As the Federal Circuit stated in *UNR*, *Tecon* is an "aberrational case" that does not comport with the plain language and purpose of §1500.[9] *UNR*, 962 F.2d at 1023. Nothing in § 1500 suggests that this Court's jurisdiction depends

---

[8]In *Hardwick*, the plaintiff had filed the district court case after the action in this Court was all but complete. After conducting an eight-week trial, the trial judge fell ill, so that he was not able to issue a decision even after eighteen months. *See Hardwick*, 72 F.3d at 884. Hence, the plaintiff there did not file the district court action to evade this Court's jurisdiction, but to avoid the statute of limitations barring its potential district court claims. *Id.* Under those circumstances, the Federal Circuit applied the *Tecon* rule and held that the subsequent filing of the district court case did not divest this Court of jurisdiction. *Id.* at 886.

[9]The Federal Circuit in *UNR* also recognized that the *Tecon* exception was created to address egregious conduct of the plaintiff. 962 F.2d at 1020. In *Tecon*, the plaintiff intentionally sought to extinguish CFC jurisdiction after lengthy pretrial proceedings had been completed and a trial date set. As explained by the Federal Circuit, "[A]n exasperated Court of Claims retained jurisdiction so it could dismiss the case with prejudice for failure to prosecute." *Id.* In fact, the

(continued...)

on the precise instant at which a plaintiff files its complaints in two courts, and Congress cannot have intended the absurd effect of forcing the parties and this Court to spend time and money on evidentiary proceedings to investigate the precise moments a plaintiff filed each complaint. *See Passamaquoddy*, 2008 U.S. Claims LEXIS 174, *52 ("construing § 1500 to require the taking of live testimony from paralegals and filing clerks borders on the absurd."); *United States v. Brown*, 333 U.S. 18, 27 (1948) ("No rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences."). In *Passamaquoddy*, the court determined the order of filing by examining, *inter alia*, testimony of paralegals and court clerks, emails, affidavits, interrogatories, transcripts, receipts, and docket numbers. *Id.* at *7, 54-81. That court expressed incredulity that the courts in *Ak-Chin Indian Cmty.* and *Salt River Pima-Maricopa Indian Cmty.* "ordered discovery, briefing, a formal evidentiary hearing for receiving the testimony of plaintiff's paralegal, . . . an informal hearing regarding filing procedures in this court, and post-hearing briefing." *Id.* at *10-11, 52 (footnotes omitted).

Separate and apart from the context of same-day filings, the exception created by *Tecon* frustrates the Congressional purpose behind §1500, by requiring the United States to litigate in two fora simultaneously, even when the district court case is filed before substantial proceedings have taken place in the CFC. Because the *Tecon* exception is not supported by the purpose or language

---

[9](...continued)
plaintiff's conduct in *Tecon* was so outrageous that the United States advocated for the limited exception created by the Court of Claims in that case. When *Keene*, 508 U.S. 200, was decided, however, the United States recognized that the *Tecon* rule did not comport with either the language or purpose of § 1500, and it argued to the Supreme Court that the Federal Circuit was correct in overruling *Tecon* because the order of filing is irrelevant for the purposes of § 1500. Br. of Resp. at 36-37, *Keene Corp. v. United States*, No. 92-166 (U.S. Jan. 1993).

of §1500, Defendant maintains that *Tecon* is wrongly decided and should be overruled. At the very least, *Tecon* should not be extended beyond its own stated confines and applied to same-day filings. Otherwise, as stated by a leading commentator, "Section 1500 does not belong on the books if, as the result in *Tecon* would indicate, it may readily be evaded by the informed, and remains a trap only for those unfamiliar." David Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents*, 55 GEO. L.J. 578, 597 (1967).

4. *Even if* Tecon *were to apply, Plaintiff has failed to meet its burden to establish jurisdiction.*

Even if *Tecon* were to apply to complaints filed the same day, Plaintiff has failed to carry its burden to establish jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Eastern Shawnee Tribe v. United States*, No. 1:06-cv-00917-CFL, 2008 U.S. Claims Lexis 180, *11-12, 2008 WL 2554943, *4 (Fed. Cl. Jun. 23, 2008) ("*Eastern Shawnee*") ("As plaintiff, Eastern Shawnee bears the burden of establishing that the court has subject matter jurisdiction to consider its claims by a preponderance of evidence."). In this case, for purposes of § 1500, Plaintiff has to establish that its District Court case was not pending at the time that it filed its Complaint in this Court. *See Reynolds*, 846 F.2d at 748; *Eastern Shawnee*, at Lexis *12, WL *5 ("However, any jurisdictional grant under the Indian Tucker Act is circumscribed by the bar of Section 1500."); *d'Abrera v. United States*, 78 Fed. Cl. 51, 57 (Fed. Cl. 2007).

Plaintiff opposes the Court's Show Cause Order on the grounds that "FedEx proof-of-delivery records establish that: the damages complaint in this [CFC] case was delivered to this Court at 9:00 a.m. (Doc. No. 12-2, ¶¶ 4, 5); and the class action complaint for an accounting was later delivered to the Federal District Court at 10:28 a.m. (Doc. No. 12-3, ¶ 4)." Pl's Opp. at 2, 6. Plaintiff also asserts that a check for the filing fee was not included with the District Court

Complaint, but was delivered to the District Court at approximately 2:00 p.m. on December 28, 2006. *See id*. at 3, 6-7.[10]

Plaintiff's "evidence" is circumstantial at best, and it does not rise to the level of sufficiency to establish the order in which the two complaints were delivered or filed in this Court and the district court. There are no time stamps on the two complaints because neither court uses such stamps to evidence the time of filing. Plaintiff simply has not established that this Complaint was filed before the District Court Complaint was filed. Accordingly, Plaintiff has failed to carry its burden to show that this Court has jurisdiction over the present complaint. This Court would have to hold an evidentiary hearing to determine whether the facts support Plaintiff's contentions before ruling on the applicability of § 1500.

B. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts.

After establishing that the District Court Complaint is pending, this Court has to analyze whether the claims are for or "in respect to" claims "the plaintiff . . . has pending in any other court . . . ." 28 U.S.C. § 1500. A claim is one "for . . . which" a plaintiff has a suit or process pending in another court if the claims are identical. By using the phrase "for or in respect to which," Congress intended § 1500 to apply both to identical claims and more broadly to claims "in respect to" the suit or process. A claim is "in respect to" a suit or process if it "relate[s] to" or is "concerned with" the suit or "ha[s] regard or reference to the suit. *Webster's Third New International Dictionary* 1934 (1986). *Cf. Lemon v. Kurtzman*, 403 U.S. 602, 612 (1971) (discussing meaning of the word

[10] Plaintiff's assertion is hearsay. Also hearsay are the statements that Plaintiff attributed to Mr. Greg Hughes, Chief Deputy Clerk of the District Court. Therefore, none of Plaintiff's assertions or attributions can be or should be considered by the Court for purposes of determining whether § 1500 precludes jurisdiction in this case.

"respecting" in the Establishment Clause of the First Amendment). *See Keene*, 508 U.S. at 212-14 ("Congress did not intend the statute to be rendered useless by a narrow concept of identi[cal claims] providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation.").

Accordingly, the language of § 1500 bars this Court from assuming jurisdiction over a claim if plaintiff has a *related* claim pending in another court. Determining whether claims are related "'requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" *See Harbuck*, 378 F.3d at 1329 (quoting *Loveladies*, 27 F.3d at 1549). Such a comparison involves evaluating the complaints filed in each court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints).

The Court of Claims and the CFC have consistently defined the term "claim" for purposes of a § 1500 analysis to turn on operative facts, rather than on legal theories. *See*, *e.g.*, *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988); *Eastern Shawnee*, No. 1:06-cv-00917-CFL, 2008 U.S. Claims Lexis 180, *12, 2008 WL 2554943, *4 (Fed. Cl. Jun. 23, 2008) ("Eastern Shawnee asserts that the basis of the district court complaint is the failure to provide an adequate accounting, while the complaint in this court addresses the failure of the government properly to manage monetary and non-monetary trust assets. This proffered distinction is not persuasive in light of prior precedents.") (citation omitted). Further, Plaintiff need not plead identical operative facts. It is sufficient that they are substantially the same. "To pursue a case against the United States in the Court of Federal Claims and another federal court is to pursue simultaneous, dual litigation of a single claim disallowed under section 1500 . . . ." *Gaubert*, 28 Fed. Cl. at 600.

In the words of this Court in *Eastern Shawnee*, a comparative reading of the District Court and CFC Complaints confirms that they are both based on substantially the same facts,

> [T]he claims in the case in the district court and in the instant action are basically different manifestations of the same underlying claim that the government failed properly to administer and manage [Plaintiff's] trust land and assets. The two claims involve the same parties, the same trust corpus, and the same breach of the same trust duties over the same time period. The only apparent factual difference is a narrower focus on the accounting aspects of the alleged breaches of trust duties in the district court complaint. . . .
>
> The government's role here is essentially the same, properly to manage and account for the tribe's trusts and assets. The conduct alleged in the district court case of failing to provide a full and accurate accounting is encompassed within the averments of the instant case, which addresses "the failure of the CFC defendants to properly manage monetary and non-monetary trust assets." Both actions turn on the government's past actions related to its management and administration of [Plaintiff's] same tribal trust lands and assets. Indeed, both suits specify that [Plaintiff] seeks an accounting to determine whether, and to what extent, the Tribe has suffered losses as a result of the government's breaches of trust.

*Eastern Shawnee*, Lexis at *13-14, 15-16; WL at *5(citations omitted); *see also Loveladies*, 27 F.3d at 1551-52; *Keene Corp.*, 508 U.S. at 212-14; *Tohono O'odham*, 79 Fed. Cl. at 657. Four courts have previously considered cases on similar facts and complaints; all found that plaintiffs demanded substantially the same relief on the same operative facts. *See Ak-Chin Indian Cmty.*, 80 Fed. Cl. 305 (Fed. Cl. 2008); *Tohono O'odham*, 79 Fed. Cl. 645 (Fed. Cl. 2007); *Eastern Shawnee*,; *Passamaquoddy*, 2008 U.S. Claims Lexis 174, *1.

Both complaints are based on essentially identical factual allegations, namely, that the United States, as trustee, breached fiduciary duties owed to Plaintiff, as trustee beneficiary, by failing properly to account for and manage Plaintiff's trust assets. *Compare* District Court Complaint ¶¶ 1, 4-6, 26-42, 48-49, 51, 56-57 *with* CFC Complaint ¶¶ 4, 12-22, 27-28. *See Tohono O'odham*, 79 Fed. Cl. at 652, 656 (concluding that the complaints were based on the same operative facts, where

"[t]he two complaints clearly involve the same parties, the same trust corpus, the same asserted trust obligations, and the same asserted breaches of trust over the same period of time"). The court in *Ak-Chin* analyzed similar facts as follows:

> The court will be required to review the government's alleged failure to maintain records and account for plaintiff's trust property by considering any existing records related to the government's collection, handling, and investment of the Community's trust funds and property. The nature of Indian trust cases and the government's trust responsibility owed to Indian tribes does not lend itself to a simple delineation or separation of operative facts as they pertain to the government's various duties owed to Indian tribes. It is not apparent to the court how it could address facts related to the government's duty to invest and deposit plaintiff's trust funds without considering the facts related to the government's overall trust obligations owed to plaintiff, including its duty to account. It is simply not the case that there are two different and separate sets of trust duties described in plaintiff's District Court complaint and its Court of Federal Claims complaint.

80 Fed. Cl. at 319-20.

In this case, the facts underlying the allegations raised by Plaintiff in its CFC Complaint are substantially the same as those raised by Plaintiff in its District Court Complaint. Both complaints relate to the same trust assets. Plaintiff alleges the Defendant mismanaged the very same resources and property (*e.g.*, land and natural resources, including timber, minerals, grazing and agriculture, leases and easements), and Plaintiff requests that both courts review Defendants' management of the same trust assets. *Compare* District Court Complaint ¶¶ 26-28, 31-33, 57, *with* CFC Complaint, ¶¶ 11-19.

Both complaints are also based on the same trust obligations for Defendant. Plaintiff alleges in both complaints that Defendants's trust obligations include, but are not limited to, (1) collecting compensation for conveyances or uses, *compare* District Court Complaint ¶¶ 31, 33 *with* CFC Complaint ¶¶ 12, 16; (2) protecting, preserving, managing, and investing trust assets, including trust funds and trust property (*compare* District Court Complaint ¶¶ 31, 34 *with* CFC Complaint ¶¶ 12-

14, 16, 18); (3) maintaining accurate records (*compare* District Court Complaint ¶¶ 43, 79, 85 *with* CFC Complaint ¶¶ 18, 21); and (5) providing accurate and timely reports to account holders (*compare* District Court Complaint ¶¶ 35, 39-41 *with* CFC Complaint ¶¶ 22-23).

Moreover, Plaintiff has sued the same defendants in both cases (*compare* District Court Complaint ¶¶ 21, 22 *with* CFC Complaint ¶¶ 2, 4), and it bases its claims in both cases on the fact that it is the beneficial owners of land and natural resources held in trust by the United States (*compare* District Court Complaint ¶¶ 1, 4, 26-28, 33, 39 *with* CFC Complaint ¶¶ 11, 17).

As the preceding comparisons have shown, the same operative facts underlie both complaints.

C. <u>Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief.</u>

Just as the operative facts need not be identical for a claim to be the same, the relief sought also does not need to be identical. *See Harbuck*, 378 F.3d at 1329; *see also Eastern Shawnee*, Lexis at *17, WL at *6 ("Thus, the inclusion of other and different requested relief does not bar application of Section 1500"). As in *Eastern Shawnee*, the relief in substance in this case and Plaintiff's District Court case will be the same. The complaints in the District Court and the CFC contain overlapping claims for relief related to the alleged breach of fiduciary duties owed to Plaintiff by the government. *See Eastern Shawnee*, Lexis at *17-18, WL at *6 ("Accordingly, while Eastern Shawnee correctly asserts that it does not specifically make a request for money damages in district court, in substance the requested relief overlaps with the request for money damages in this court."); *Keene*, 508 U.S. at 212.

In its District Court Complaint, Plaintiff expressly seeks several different forms of relief, District Court Complaint, *Prayer for Relief* ¶¶ 4-13 (requesting monetary relief on basis of

declarations that Defendant owed Plaintiff certain fiduciary duties that Defendant has breached and continues to breach those duties, and that Defendant has never provided Plaintiff with a full and complete accounting), and in its CFC Complaint, Plaintiff expressly impliedly seeks the same relief. *See* CFC Complaint, *Claim for Relief* ¶ 30 (requesting award of damages on basis of Defendant's breaches causing financial losses to Plaintiff, which necessitates an accounting in aid of judgment).

As shown earlier, the text of § 1500 requires only that the relief sought here is "related to" or is "concerned with" the claims in the District Court. The relief must merely be the same in nature, such as monetary or injunctive. *Harbuck*, 58 Fed. Cl. at 269. This Court recently found unpersuasive a distinction by plaintiff between a request for equitable and monetary relief:

> Eastern Shawnee contends that it does not seek the same relief in the actions because the relief sought in district court is solely equitable and the relief sought here is solely monetary. However, in substance the relief sought in the two complaints, an accounting and reimbursement for losses resulting from mismanagement, is overlapping. As explained below, if Eastern Shawnee were to establish liability for breaches of trust in this proceeding, an accounting would be required, and that accounting would overlap with the accounting available in equitable proceedings such as the case brought in district court.

*Eastern Shawnee*, No. 1:06-cv-00917-CFL, at 8 (citations omitted). As the court stated in *Tohono O'odham*, "the inquiry is whether there is meaningful overlap both in the underlying facts and in the relief sought in the two actions. A perfect symmetry of demands for relief is not necessary." 79 Fed. Cl. at 657; *see also Keene*, 508 U.S. at 212-14.

Under the foregoing circumstances, § 1500 divests this Court of jurisdiction because Plaintiff seeks overlapping claims in more than one forum. *See Harbuck*, 378 F.3d at 1329. For § 1500 purposes, "the legal theory behind the allegations or the characterizations of the requests for relief are not controlling." *Tohono O'odham*, 79 Fed. Cl. at 656. Here, there is no doubt that the same facts are relevant, namely, Defendant's management of Plaintiff's trust assets, and that the relief that

Plaintiff seeks overlap, *i.e.*, both cases are based on Defendant's alleged breach of the same fiduciary duties, Plaintiff's request for an accounting, and Plaintiff's desire or reimbursement for losses caused as a result of Defendant's alleged breaches of its trust duties.

*1. Both complaints indicate that Plaintiff seeks an accounting.*

In the District Court, Plaintiff seeks an accounting. District Court Complaint ¶¶ 1, 80, *Prayer for Relief* ¶ 7. It also seeks an accounting in this Court. *See* CFC Complaint, ¶ 28 ("The extent of [the Tribe's financial] losses is unknown to the Tribe because the United States has failed to maintain accurate books and accounting records and has failed to provide the Tribe with an accurate accounting of its trust property."). *See Eastern Shawnee*, Lexis at *18-19, WL at *7 ("In short, once liability has been established, the equitable 'relief' of an accounting is a necessary precursor to an award of damages. Moreover, this is not a situation where jurisdiction over an equitable accounting rests with district courts while this court is barred from undertaking an accounting. Instead, this court has the authority 'to require an accounting in aid of its jurisdiction to render a money judgment.'"); *Tohono O'odham*, 79 Fed. Cl. at 647, *supra*, n.6.

Plaintiff asks the District Court to compel Defendant to provide a full and complete accounting of the trust assets, *see* District Court Complaint, *Prayer for Relief* ¶ 7, and to review the methods by which Defendant invested the trust funds. *See id.*, *Prayer for Relief* ¶¶ 10-11. The District Court Complaint anticipates that the accounting sought by Plaintiff in the District Court will provide the factual predicate for the alleged breaches of fiduciary duty committed by Defendants.

Plaintiff anticipates achieving the same accounting result in the CFC Complaint by claiming that it has "suffered financial losses including, but not necessarily limited to, losses of income from the Tribe's land, natural resources, and trust funds." CFC Complaint, *Claim for Relief* ¶ 30.

Further, Plaintiff asks for "damages in an amount to be proved at trial . . . and such other relief as the court may find just *or necessary*." *Id*. (emphasis added). In this Court, Plaintiff seeks "damages in an amount to be proved at trial," CFC Complaint, *Claim for Relief* ¶ 30, which this Court would have to provide through an accounting in aid of judgment.[11/] *See Eastern Shawnee*, Lexis at *19, WL at *7 (citing *Klamath & Modoc Tribes v. United States*, 174 Ct. Cl. 483, 490-91 (1966); *Tohono O'odham*, 79 Fed. Cl. at 647, *supra*, n.6.; see also CFC Complaint, ¶¶ 27-28.

Plaintiff did not limit its CFC Complaint to a request for monetary relief because it also seeks "such *other relief* as the court may find just *or necessary*." CFC Complaint, *Claim for Relief* ¶ 30 (emphasis added). The plain language of Plaintiff's CFC Complaint belies any notion that its own terms limit it exclusively to a request for damages. *See* CFC Complaint ¶¶ 19-20, 27. The Court need not assess whether it is empowered to grant such relief as Plaintiff is requesting here under the Tucker Act or Indian Tucker Act, but only to confirm that Plaintiff, when it filed its complaint, sought such relief. *Tohono O'odham*, 79 Fed. Cl. at 654-55.

Labels are not dispositive, and courts will look, instead, to the substance of the relief that the plaintiffs request. *See Tohono O'odham*, 79 Fed. Cl. at 659 (holding that plaintiff's complaints in the CFC and the District Court had an overlap of relief in the request for an accounting). Whether Plaintiff requests damages necessitating an accounting in aid of judgment in this Court, or a full and complete accounting in the District Court, Plaintiff's requested relief overlap and thereby implicate § 1500. *See Eastern Shawnee*, Lexis at *22-23, WL at *8 ("Here, in contrast, because the

---

[11/] In *Tohono O'odham*, the court noted that "although a pre-liability, stand-alone general accounting is unavailable in [the CFC], after a presentation of sufficient evidence, an accounting is unavoidable here and will be coextensive with all the plaintiff's claims of breach. The accounting will be necessary to establish the quantum of damages." 79 Fed. Cl. at 659.

accounting does not have considerable value independent of monetary recovery, the accounting sought is 'in essence' a claim for money damages"); *Harbuck*, 378 F.3d at 1329 (citing *Keene*, 508 U.S. at 212).

*2. Both complaints indicate that Plaintiff seeks monetary relief.*

Both complaints indicate that Plaintiff seeks monetary relief arising from the same fiduciary duty breach that Plaintiff hopes the courts will find. *Compare* District Court Complaint ¶ 80, *Prayer for Relief* ¶ 9 (requesting relief requiring "a mandatory injunction compelling Defendants to correct Plaintiffs' trust fund account balances make the accounts whole as if there had been no breaches of trust, negligence or wrongdoing by Defendants . . . .") *with* CFC Complaint, *Claim for Relief* ¶ 30.

Plaintiff has asked the District Court for certain declaratory relief, but, at bottom, Plaintiff is seeking a correction to its trust fund account balances and to make its accounts whole. *See* District Court Complaint, ¶ 80, *Prayer for Relief* ¶ 9. Similarly, Plaintiff seeks damages in the CFC. *See* CFC Complaint, ¶¶ 27-28, *Claim for Relief* ¶¶ 29-30 ("[T]he Tribe has suffered financial losses . . . . [P]laintiff prays for damages in an amount to be proved at trial . . . and such other relief as the court may find just or *necessary*") (emphasis added).

Plaintiff's requests for relief based on the alleged breach of trust in both of its cases certainly overlap. The District Court and CFC complaints ask the respective courts to determine Plaintiff's rights as a trust beneficiary and Defendants' duties (and alleged breaches of trust) as trustee. District Court Complaint ¶¶ 73, 75, 77, *Prayer for Relief* ¶¶ 4-7; CFC Complaint ¶¶ 27-28, *Claim for Relief* ¶ 30.

Indeed, the relief sought in this action might be the same as in the District Court, and the claims may overlap each other. *See, e.g., Christopher Village, L.P. v. United States*, 360 F.3d 1319

(Fed. Cir. 2004) (concluding the district court lacked jurisdiction to issue declaratory judgment concerning government's liability for breach of contract so as to create predicate for suit for damages under the Tucker Act); *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 139 n.10 (Fed. Cl. 2004). Because Plaintiff seeks the same finding of breach of trust, especially as regards an accounting, and resulting loss in both cases, the relief sought in both cases sufficiently overlaps, and, therefore, § 1500 requires that this Court dismiss Plaintiff's claims here. *See Johns-Manville*, 855 F.2d at 1565.

If this court awards Plaintiff damages for Defendant's alleged failure to maintain the accounts properly, that award will subsume Plaintiff's requests in the District Court for declarations that Defendant has breached its fiduciary duties. If this Court awards damages, it necessarily has concluded that Defendant has breached its fiduciary duties. Without that breach, Defendant must have performed with fidelity, and this Court would have no damages to award. Therefore, Plaintiff's request for damages in this Court subsumes Plaintiff's request for declaratory relief in the District Court. *A fortiori*, those claims for relief overlap.

## IV. CONCLUSION

28 U.S.C. § 1500 divests this Court of jurisdiction if the following conditions are met: (1) a district court case is pending, (2) the two complaints involve the same facts, and (3) Plaintiff is seeking overlapping relief in both courts. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Those conditions are present herein. Therefore, § 1500 requires this Court to dismiss this case.[12/]

---

[12/] In the alternative, assuming arguendo that Plaintiff's complaints seek "distinctively different types of relief" from the two courts such that its CFC case may not be dismissed under (continued...)

Respectfully submitted this 8th day of July 2008.

RONALD J. TENPAS
Assistant Attorney General

*s/E. Kenneth Stegeby*
E. KENNETH STEGEBY
United States Department of Justice
Environment and Natural Resources
DivisionNatural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 844-1369
Fax: (202) 844-1350

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

MICHAEL BIANCO
Office of the Solicitor
United States Department of the Interior
Washington, DC 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

---

[12/](...continued)
§ 1500, the fact that the cases still are based on the same operative facts provides an appropriate basis for staying the CFC case. *See Loveladies*, 27 F.3d at 1554; *Pa. R.R. Co. v. United States*, 363 U.S. 202 (1960); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 804 n.5 (1993).