**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **NEZ PERCE TRIBE,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | **Case No. 06-910L**<br>**Judge Charles F. Lettow**<br><br>**NEZ PERCE TRIBE'S REPLY TO DEFENDANTS' RESPONSE IN SUPPORT OF ORDER TO SHOW CAUSE** |

COMES NOW, the Nez Perce Tribe (the "Tribe"), by and through its undersigned attorney of record, and submits this *Reply to Defendants' Response in Support of Order to Show Cause* why this case should not be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1500. (Dkt. No. 18).

TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. Section 1500 Requires This Court to Determine Which Complaint was Filed First.....2

B. The United States' Reliance on *UNR* and *Passamaquoddy* is Misplaced. . . . . . . . . . . 4

C. The Class Action in the Federal District Court Seeks Equitable Relief, an Accounting, for all Members of the Putative Class While the Nez Perce Tribe Seeks Money Damages, Only for Itself, in the Court of Federal Claims............................6

D. It Would be Premature to Dismiss the Instant Complaint in Light of the United States' Contradictory Arguments in the Federal District Court. . . . . . . . . . . . . . . 9

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

CASES

*Ak-Chin Indian Community v. United States*, 80 Fed.Cl. 305 (2008) . . . . . . . . . . . . . . . . . . . . 2, 3

*Biomedical Patent Management Corp. v. California Dep't of Health Services*, 505 F.3d 1328 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Breneman v. United States*, 57 Fed.Cl. 571 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Harbuck v. United States*, 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hardwick Bros. Co. II v. United States,* 72 F.3d 883 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . 2, 4

*Henke v. United States*, 60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Keene Corp. v. United States*, 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . 2, 4, 7, 8, 10

*Mollan v. Torrance*, 9 Wheat. 537, 6 L.Ed. 154 (1824) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Stockton East Water Dist. v. United States*, 62 Cl. Ct. 379 (2004) . . . . . . . . . . . . . . . . . . . . . . . 3

*Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943 (Ct. Cl. 1965), *cert denied* 382 U.S. 976 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

*United States v. County of Cook*, 170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . 3

*UNR Industries, Inc. v. United States*, 962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . 4

PENDING CASES

*Cobell v. Kempthorne*, Case No. 1:96-cv-01285-JR, *Findings of Fact and Conclusions of Law*, entered January 30, 2008, pp. 3, 161 (attached hereto as Exhibit A) . . . . . . . . . . . . . . . . . . . . . . 7

*Nez Perce Tribe v. Kempthorne*, No. 1:06-cv-02239-JR (D.D.C.) . . . . . . . . . . . . . . . . . . . . . . . 6

*Passamaquoddy Tribe v. United States*, No. 06-942L . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*The Salt River Pina-Maricopa Indian Community v. The United States of America*, Case No. 06-943L (Dkt. No. 48, p. 18) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

OTHER AUTHORITIES

*Black's Law Dictionary,* 7th Edition (1999) . . . . . . . . . . 6

*The Gregg Reference Manual*, §§ 1033, 1034, pp. 221-22 (7th Ed. 1994) . . . . . . . . . . 6

EXHIBITS

A. *Cobell v. Kempthorne*, Case No. 1:96-cv-01285-JR, *Findings of Fact and Conclusions of Law*

B. *Yankton Sioux Tribe, et al. v. Kempthorne*, Case No. 1:06-cv-022212-JR, *Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss*

C. *Nez Perce Tribe, et al. V. Kempthorne*, Case No. 1:06-cv-02239-JR, *Defendants' Opposition to Plaintiffs' Motion For Class Action Certification And For Approval of Class Notice*

## I. INTRODUCTION

As discussed more thoroughly below, Section 1500 is not a jurisdictional bar to this case because no complaint was pending in another court when this complaint was filed. The timing issue is dispositive, and this Court need not address the "same claim" issue raised by the United States. However, in the event the Court considers issues raised by the United States that go beyond the dispositive timing issue, there are two additional reasons why this *Complaint* should not be dismissed. As to the "same claim" issue, it is clear that the class action for an accounting filed in the Federal District Court by the Native American Rights Fund ("NARF") seeks an equitable remedy for all members of the putative class that is different from the remedy sought here, *i.e.*, money damages suffered only by the Nez Perce Tribe. Furthermore, the United States should not be allowed to benefit from the totally contradictory arguments it has made in this case and in the Federal District Court. In the event both Courts were to accept the United States' arguments, the Tribe would be left with no remedy at all for the United States' historic mismanagement of its trust accounts. That is not a result supported by Section 1500, or the Indian Tucker Act, or any other legal or equitable principle.

## II. ARGUMENT

It is clear that this Court's jurisdiction is established at the time a complaint is filed. *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993), *quoting Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824) (Marshall, C.J.); *Hardwick Bros. Co. II v. United States,* 72 F.3d 883, 885 (Fed. Cir. 1995); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1548 (Fed. Cir. 1994); *Breneman v. United States*, 57 Fed.Cl. 571, 577 (2003), *aff'd* 97 Fed.Appx 329 (Fed. Cir. 2004), *cert. denied* 543 U.S. 1021 (2004). It also is quite clear that where, as here, a complaint were filed in this Court on the same day a complaint was filed in another court, this

Court must first determine whether this case or the other case was filed first. *Breneman*, 57 Fed.Cl. at 575; *Ak-Chin Indian Community v. United States*, 80 Fed.Cl. 305, 308 (2008). If this Court determines that this case was filed first, "the court need not address the 'same claim' issue because the timing issue is dispositive of this court's jurisdiction." *Breneman*, 57 Fed.Cl. at 575; *accord Ak-Chin* 80 Fed.Cl. at 313.

**A. Section 1500 Requires This Court to Determine Which Complaint was Filed First.**

The United States contends that the Tribe's interpretation of Section 1500 "is at odds with the long-recognized objective of §1500 that the United States should not be compelled to defend two substantially related lawsuits in two different courts." *Def. Resp.*, p. 4. In support of that contention, the United States urges this Court to ignore at least 40 years of legal precedent and adopt a *per se* rule that same-day filings automatically deprive this Court of jurisdiction under Section 1500. *Def. Resp.*, pp. 5 - 18. However, notwithstanding the June 19, 2008 decision in *Passamaquoddy Tribe v. United States*, No. 06-942L, this Court consistently has ruled that there is no legal support for the United States' same-day argument. *Breneman*, 57 Fed. Cl. at 577; *Ak-Chin*, 80 Fed. Cl. at 308 n.4; *The Salt River Pina-Maricopa Indian Community v. The United States of America*, Case No. 06-943L (Dkt. No. 48, p. 18).

In further support of its argument for a *per se* rule that this Court lacks jurisdiction over same-day filings, the United States cites two cases involving transfers to this Court from a federal district court pursuant to 28 U.S.C. §1631. *United States v. County of Cook*, 170 F.3d 1084 (Fed. Cir. 1999) and *Harbuck v. United States*, 378 F.3d 1324 (Fed. Cir. 2004). Both cases, however, are simply inapposite here because Section 1631 is intended to cure a lack of jurisdiction in the transferor court and to avoid a statute-of-limitation dismissal in the transferee court. *See, Stockton East Water Dist. v. United States*, 62 Cl. Ct. 379, 389 (2004) ("no question

is present that the filing date for purposes of the Tucker Act's six-year statute of limitations, is the date on which the action was filed in district court"), *citing Henke v. United States*, 60 F.3d 795, 800 (Fed. Cir. 1995). To accomplish those ends, Section 1631 provides that the transferred case "shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." The only reason for a same-day provision in Section 1631 is to avoid what might otherwise be a jurisdiction defect in the transferee court.

Under Section 1500, even when the complaints at issue were filed on the same day, this Court must first determine which was filed first in order to determine whether it is a jurisdictional bar. *Breneman*, 57 Fed.Cl. at 575; *Ak-Chin Indian Community v. United States*, 80 Fed.Cl. 305, 308 (2008); *Salt River*, Case No. 06-943L (Dkt. No. 48, pp. 2-3, 18). The former appellate division of this Court analyzed the language and legislative history of Section 1500 in *Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943 (Ct. Cl. 1965), *cert denied* 382 U.S. 976 (1966), and concluded that "**the statute . . . serves to deprive this court of jurisdiction . . . only when the suit shall have been commenced in the other court before the claim was filed in this court.**" *Tecon* 343 F.2d at 949 (emphasis added).

The United States acknowledges that *Tecon* is still good law. *Def. Resp.*, p. 9. *Hardwick*, 72 F.3d 883, 886 (Fed. Cir. 1995). The *Hardwick* Court relied on its prior decision in *Loveladies* and the Supreme Court decision in *UNR Industries, Inc. v. United States*, 962 F.2d 1013 (Fed. Cir. 1992). The *Hardwick* Court also recognized that the United States had prevailed in *Tecon* by arguing that "the Court of Claims can keep jurisdiction if suit was filed there first (which it may be noted is the opposite of the Government's current argument." *Hardwick*, 72 F.3d at 886. In addition, and as the United States correctly notes (*Def. Resp.*, p. 15, n.8), the *Hardwick*

plaintiff "did not file the district court action to evade this Court's jurisdiction, but to avoid the statute of limitations barring its potential district court claims. *Hardwick*, 72 F.3d at 884.

The law is clear that, in determining whether Section 1500 applies, this Court must first determine which complaint was filed first. The law is equally clear that the timing issue is dispositive; if the Court of Federal Claims complaint was filed first, this Court need not address the same-claim issue.

**B. The United States' Reliance on *UNR* and *Passamaquoddy* is Misplaced.**

Despite acknowledging that "the Federal Circuit and the Court of Claims have never applied the *Tecon* exception to same-day filings" (*Def. Resp.*, p. 10), the United States goes to great lengths arguing that same-day filings automatically deprive this court of jurisdiction pursuant to Section 1500. *Def. Resp.*, pp. 5 - 18. The United States relies on *Passamaquoddy* to support its argument for a *per* se rule that same-day filings are barred by Section 1500, and it relies on *UNR* for its argument that even later-filed cases in another court bar this Court's jurisdiction. The United States' arguments are misplaced. *UNR* was immediately overruled by the United States Supreme Court in *Keene*, and the *Passamaquoddy* Court acknowledged that "the **Federal Circuit has ruled that this court must not engage in a *de novo* interpretation of statutes such as §1500**; rather, it should carefully follow the binding precedent in this circuit as to the meaning of the relevant statutory terms." *Passamaquoddy*, p. 8 (emphasis added).

The United States argues in this regard that "Congress cannot have intended the absurd effect of forcing the parties and this Court to spend time and money on evidentiary proceedings to investigate the precise moments a plaintiff filed each complaint." *Def. Resp.*, p. 16. The United States is able to make this argument only by ignoring the facts of this case. In this case, the FedEx proof-of-delivery receipts clearly establish that the Court of Federal Claims Complaint

was delivered at 9:00 a.m., while the accounting class action Complaint was later delivered to the federal district court at 10:28 a.m. *Declaration of K. Heidi Gudgell*, Exhibit 12-2 to *Joint Status Report Regarding Applicability of 28 U.S.C. §1500 in This Case* (Dkt. No. 12); *Declaration of Donald R. Wharton*, Exhibit 15-3 to *Nez Perce Tribe's Response to the Court's April 9, 2008 Order to Show Cause* (Dkt. No. 15). In addition, even when complaints are filed on different days, some amount of evidence, such as copies of the file-stamped complaints, is necessary to establish the respective filing dates. In this case, the evidence on the timing issue is no more complicated than that; the FedEx proof-of-delivery receipts conclusively establish that this Court received the Tribe's complaint before the Federal District Court received the accounting class action complaint.

The United States argues that the "straightforward, plain language of §1500 divests this Court of jurisdiction whenever a plaintiff attempts to maintain overlapping claims in this and another court, **regardless of whether the plaintiff filed its complaint in the other court before, simultaneously, or after it filed its complaint in this Court.**" *Def. Resp.*, p. 6 (emphasis added). The only way that the "has pending" language of Section 1500 makes any legal, or logical, sense to is to construe it as the *Tecon* Court did: Section 1500 deprives this Court of jurisdiction "only when the suit shall have been commenced in the other court before the claim was filed in this court." *Tecon*, 343 F.2d at 949.

In addition, the *Tecon* construction is consistent with standard English grammar. The verb "has pending" is a present participle which "conveys the same meaning" as the present perfect tense and "indicates **action that was started in the past and has recently been completed or is continuing up to the present time**." William A. Sabin, *The Gregg Reference Manual*, §§ 1033, 1034, pp. 221-22 (7th Ed. 1994) (emphasis added). The *Tecon* construction

also is consistent with the definition of the verb "to file" which means to **"deliver a legal document to the court clerk** or record custodian **for placement into the official record.**" *Black's Law Dictionary,* 7th Edition (1999) (emphasis added).

This Court must determine whether a claim is pending in another court at the time a complaint is filed here, even if the complaints are filed on the same day. The tortured interpretation that the United States urges this Court to adopt is not consistent with over 40 years of controlling legal precedent nor is it consistent with standard English grammar.

**C. The Class Action in the Federal District Court Seeks Equitable Relief, an Accounting, for all Members of the Putative Class While the Nez Perce Tribe Seeks Money Damages, Only for Itself, in the Court of Federal Claims.**

The United States contends that the instant complaint should be dismissed because it is based on the same operative facts as the district court class action. *Def. Resp.*, pp. 18 - 22. The Tribe is one of 12 named plaintiffs in the class action filed in the federal district court by the Native American Rights Fund seeking equitable relief in the way of an accounting in *Nez Perce Tribe v. Kempthorne*, No. 1:06-cv-02239-JR (D.D.C.). *Amended Complaint* (Ex. 2 to *Def Resp.*). The Tribe's only claim for relief in the instant case is money damages for "financial losses including, but not necessarily limited to, losses of income from the Tribe's land, natural resources, and trust funds" resulting from "the United States' continuing breach of its trust responsibilities to the Tribe." Dkt. No. 1, ¶30.

The United States contends that the Tribe's claim for relief "necessitates an accounting in aid of judgment," creating an impermissible overlap with the accounting class action case in federal district court. *Def. Resp.*, p. 23. That contention belies the fact that the United States knows that it almost certainly would be impossible for the United States to provide such an accounting to the Tribe. In ruling on a request for an accounting of individual Indian trust

accounts, a federal district court recently heard ten days of testimony regarding whether the United States was capable of producing an accounting of those funds and concluded that "completion of the required accounting is an impossible task." *Cobell v. Kempthorne*, Case No. 1:96-cv-01285-JR, *Findings of Fact and Conclusions of Law*, entered January 30, 2008, pp. 3, 161 (attached hereto as Exhibit A). In reaching that conclusion, the *Cobell* Court found that "[a]fter decades of neglect, it is impossible to imagine that all documents necessary to perform a complete historical accounting are presently accessible to Interior." *Id.*, p. 22; *see also* p. 156.

The United States further contends that the instant complaint should be dismissed because the Tribe's claims for relief overlap with claims for relief asserted in the accounting class action. *Def. Resp.*, pp. 22 - 27. The Tribe concedes that this case and the accounting class action both arise from the United States' historic mismanagement of the Tribe's trust accounts, but that does not mean that the claims are sufficiently alike to be barred by Section 1500.

In *Loveladies*, the district court complaint sought only equitable relief – an Administrative Procedures Act challenge to the denial of a wetlands fill permit. The CFC complaint, filed while the district court case was on appeal, sought only money damages for an unconstitutional taking of private property based on the denial of the permit. *Loveladies*, 27 F.3d at 1547. The United States moved to dismiss the case under Section 1500 for lack of jurisdiction, but the Federal Circuit, *en banc*, denied the motion.[1] The Federal Circuit based its conclusion, in part, on the fact that "this nation relies in significant degree on litigation to control the excesses to which Government may from time to time be prone," and " it would not be sound policy to force plaintiffs to forego monetary claims in order to challenge the validity of

---

[1]The United States raised the jurisdictional issue on appeal because the Federal Circuit decided *UNR* while the appeal was pending. *Loveladies*, 27 F.3d at 1547. Before the Federal Circuit ruled on the issue, the Supreme Court reversed *UNR* in *Keene*.

Government action, or to preclude challenges to the validity of Government action in order to protect a Constitutional claim for compensation." *Loveladies*, 27 F.3d at 1556.

> **Litigation can serve public interests as well as the particular interests of the parties. The nation is served by private litigation which accomplishes public ends, for example, by checking the power of the Government through** suits brought under the APA or under the takings clause of the Fifth Amendment. **Because this nation relies in significant degree on litigation to control the excesses to which Government may from time to time be prone, it would not be sound policy to force plaintiffs to forego monetary claims in order to challenge the validity of Government action, or to preclude challenges to the validity of Government action in order to protect a Constitutional claim for compensation.** Section 1500 was enacted to preclude duplicate cotton claims-claims for money damages-at a time when res judicata principles did not provide the Government with protection against such "duplicative lawsuits." *UNR/ Keene*, 508 U.S. at ___, 113 S.Ct. at 2039. **Whatever viability remains in § 1500, absent a clear expression of Congressional intent we ought not extend the statute to allow the Government to foreclose non-duplicative suits, and to deny remedies the Constitution and statutes otherwise provide.**

*Loveladies*, 27 F.3d at 1555-56 (emphasis added).

Even if the claims in the two complaints are overlapping, that should not be the end of the analysis. The Federal Circuit noted that "[s]ince differing legal theories do not define differing claims under § 1500, there **seems no logical reason to suppose that overlapping legal theories . . . necessarily define the same claims**." *Loveladies*, 27 F.3d at 1554 n.23.[2]

That is exactly the situation here. NARF filed a class action for an accounting in the Federal District Court on behalf of all similarly situated tribes seeking an order that would require the United States to account for the tribal trust funds over which it has had both control

---

[2]Similarly, the *Johns-Mansville* Court expressly distinguished the case before it, from one in which "a different type of relief is sought in district court (equitable) from that sought in the Court of Claims (money)." *Johns-Mansville Corp v. Untied States*, 855 F.2d 1556 (Fed. Cir. 1988), *cert denied* 489 U.S. 1066 (1989). The Federal Circuit reaffirmed that, where the plaintiff sought exactly the same relief (money damages) in both courts under different legal theories, it looks to the "operative facts" to determine whether the claims were the same. *Johns-Mansville*, 855 F.2d at 1563.

and a fiduciary management responsibility. The Tribe filed the instant case for money damages resulting from the United States mismanagement of Nez Perce trust funds. The complaints are not sufficiently similar to trigger the jurisdictional bar in Section 1500, and this Court should reject the United States' invitation depart from 40 years of Federal Circuit precedent.

**D. It Would be Premature to Dismiss the Instant Complaint in Light of the United States' Contradictory Arguments in the Federal District Court.**

At the same time the United States is arguing that this case must be dismissed because the money damages sought by the Tribe necessarily include a request for an accounting in aid of judgment (an otherwise equitable remedy), the United States is arguing is arguing to the Federal District Court that the class action for an accounting must be dismissed because the accounting request really seeks money damages that are beyond that court's jurisdiction. It would be unconscionable to allow the United States to avoid any remedy for its historic mismanagement of tribal trust accounts by arguing here that the Tribe's request for money damages is really a request for an accounting while arguing exactly the opposite in the Federal District Court.

The United States filed a *Motion to Dismiss* (attached hereto as Exhibit B) in the class action arguing that the Federal District Court "is without jurisdiction to entertain Plaintiffs' claims, because the claims are but a transparent attempt to have this Court provide an impermissible monetary award." *Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss* (Dkt. No. 42), filed on June 16, 2008, pp. 37-49. The United States also has argued that the Federal District Court should deny the Plaintiffs' motion to certify the class because "the plaintiffs are predominately seeking monetary relief." *Defendants' Opposition to Plaintiffs' Motion for Class Action Certification and for Approval of Class Notice* (Dkt. No. 64), filed on July 14, 2008,pp. 35-38 (attached hereto as Exhibit C).

The United States' behavior in this case is basically identical to its behavior in *Loveladies*, where it argued that "the presence of an allegation of a taking in the two complaints" meant that the two complaints contained the "same claims" and were, therefore, barred by Section 1500. *Loveladies*, 27 F.3d at 1553-54. The United States had answered the taking allegation in the district court complaint by contending that the district court lacked subject matter jurisdiction over the taking allegation. *Loveladies*, 27 F.3d at 1554. The Federal Circuit said "the Government itself destroyed [its Section 1500] argument in its answer to that complaint." *Id.*

In refusing to dismiss the *Loveladies* appeal, the Federal Circuit acknowledged a significant policy that must be considered along with the Section 1500 analysis. "[T]his nation relies in significant degree on litigation to control the excesses to which Government may from time to time be prone," and " it would not be sound policy to force plaintiffs to forego monetary claims in order to challenge the validity of Government action, or to preclude challenges to the validity of Government action in order to protect a Constitutional claim for compensation." *Loveladies*, 27 F.3d at 1556.

In addition, but for the fact that there will not be enough time for a final ruling from the Federal District Court on the United States' arguments in the accounting class action before this Court hears arguments on the Section 1500 issue, it is likely that the United States would be judicially estopped from arguing that this case should be dismissed. The purpose of the doctrine of judicial estoppel is "'**to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.**'" *Biomedical Patent Management Corp. v. California Dep't of Health Services*, 505 F.3d 1328, 1341 (Fed. Cir. 2007) (emphasis added). Where "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his

interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.* (citations omitted).[3]

The United States should not be allowed to torture the purpose of Section 1500 into a holding by this Court that could effectively deny the Tribe any remedy against the United States for mismanagement of the Nez Perce Tribe's accounts that has continued for over 100 years.

## III. CONCLUSION

As discussed above, and in the *Nez Perce Tribe's Response to the Court's April 9, 2008 Order to Show Cause* (Dkt. No. 15), it is clear that this case was filed before the accounting class action was filed in the Federal District Court. Therefore, Section 1500 does not deprive this Court of jurisdiction over the Tribe's claims in this matter, and this Court need not address the same-claim issue. Should the Court decide to consider the same-claim issue, the claims in this case and in the accounting class action are not sufficiently similar to deprive this Court of jurisdiction. Further, this Court should not allow the United States to deliberately change positions in this Court and the federal district court according to the exigencies of the moment. This Court should either reject the United States' arguments in their entirety or, at the very least, withhold entering an order on the same-claim issue until the accounting class action case has been decided by the federal district court.

---

[3] "The Supreme Court has identified three factors to consider in determining whether the doctrine applies, but the Court explained that these factors are not "inflexible prerequisites" or an 'exhaustive formula.' Those factors are (1) whether a party's later position is 'clearly inconsistent' with its earlier position; (2) whether the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled;' and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Biomedical*, 505 F.3d at 1341 (citations omitted).

Respectfully submitted this 18th day of July, 2008.

K. Heidi Gudgell

K. Heidi Gudgell
Senior Staff Attorney
Office of Legal Counsel
Nez Perce Tribe
P.O. Box 305
Lapwai, ID 83540
Tel: (208) 843-7355
Fax: (208) 843-7377

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of July, 2008, I filed the foregoing **NEZ PERCE TRIBE'S REPLY TO DEFENDANTS' RESPONSE IN SUPPORT OF ORDER TO SHOW CAUSE** electronically though the Court's CM/ECF system and that the below-listed counsel are CM/ECF users and will be served via the CM/ECF System:

| | | |
|---|---|---|
| Eric Kenneth Stegeby | ( ) | Hand Delivery |
| US Department of Justice | ( ) | U.S. Mail postage pre-paid |
| 601 D Street, NW | ( ) | Facsimile |
| Washington, DC 20004 | ( ) | Federal Express |
| | (X) | Court's CM/ECF System |
| Anthony P. Hoang | ( ) | Hand Delivery |
| Martin J. Lalonde | ( ) | U.S. Mail postage pre-paid |
| United States Department of Justice | ( ) | Facsimile |
| Environment and Natural Resources Division | ( ) | Federal Express |
| PO Box 663 | (X) | Court's CM/ECF System |
| Washington, DC 20044-0663 | | |
| Kenneth Dalton | ( ) | Hand Delivery |
| Office of the Solicitor | ( ) | U.S. Mail postage pre-paid |
| United States Department of the Interior | ( ) | Facsimile |
| Washington, DC 20240 | ( ) | Federal Express |
| | (X) | Court's CM/ECF System |
| Teresa E. Dawson | ( ) | Hand Delivery |
| Office of the Chief Counsel | ( ) | U.S. Mail postage pre-paid |
| Financial Management Service | ( ) | Facsimile |
| United States Department of the Treasury | ( ) | Federal Express |
| Washington, DC 20227 | (X) | Court's CM/ECF System |

Ronda K. Nichols, Legal Assistant